396 So.2d 996 (1981)
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Plaintiff and Appellee,
v.
Wilson J. SONNIER, Defendant and Appellant.
No. 7954.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1981.
Rehearing Denied April 27, 1981.
Gerald J. Block, Lafayette, for defendant-appellant.
Davidson, Meaux, Sonnier & Roy, M. Candice Hattan, Lafayette, for plaintiff-appellee.
Before CULPEPPER, FORET and SWIFT, JJ.
CULPEPPER, Judge.
Plaintiff carried medical payments insurance on the defendant's automobile. Defendant's son, while driving the car, was killed in a collision with a Missouri-Pacific *997 Railroad train. Plaintiff paid defendant $2758.40 for the funeral expenses of his son. Defendant settled his claim against Missouri-Pacific. Plaintiff then filed the present suit against defendant to recover the $2758.40, alleging the settlement destroyed its conventional subrogation under the policy against the railroad in violation of the policy provisions. The trial judge awarded plaintiff the $2758.40 sued for. Defendant appealed. We affirm.
Sonnier raises three issues on appeal: (1) Is Southern Farm legally subrogated to Sonnier's claim against Missouri-Pacific for the amount of the funeral expenses paid under the insurance policy? (2) Did Sonnier prejudice Southern Farm's subrogation rights by settling the suit against Missouri-Pacific? (3) Did Southern Farm's claim for the amount of the funeral expenses prescribe?
The parties stipulated the following facts:
Mr. and Mrs. Wilson J. Sonnier's son died in a car-train collision on August 9, 1974. Southern Farm, pursuant to a medical payments clause in the insurance policy, paid Wilson J. Sonnier $2758.40 for his son's funeral expenses. The Sonniers sued Missouri-Pacific in federal district court for the wrongful death of their son. On June 3, 1977, the jury found Missouri-Pacific negligent and awarded the Sonniers $103,160 in damages. The award included $3,160 to Wilson J. Sonnier for his son's funeral expenses. Missouri-Pacific appealed.
Southern Farm learned of the suit from a newspaper clipping forwarded by an agent to its Baton Rouge offices six days after the judgment. Southern Farm contacted Sonnier's attorney to collect the $2758.40, relying upon a subrogation clause contained in the insurance policy. Before it could be determined whether Sonnier would honor Southern Farm's claim, the Sonniers settled their suit against Missouri-Pacific for $90,000 on March 21, 1978. The next day, Sonnier's attorney informed Southern Farm Sonnier would not honor its claim. Southern Farm filed suit on March 28, 1978.
In its written reasons for judgment, the trial court quoted the subrogation clause from the policy, set out below, and stated plaintiff had a "legal subrogation" against Missouri-Pacific. Sonnier contends the trial court erred in finding "legal" subrogation. It is obvious the trial judge did not mean a "legal" subrogation under LSA-C.C. Article 2161. In any event, we need not reach this issue since the insurance policy clearly provides for conventional subrogation. For a discussion of the legal subrogation of insurer to insured's rights upon payment of a claim, see The Work of the Louisiana Appellate Courts for the 1977-78 TermObligations, 39 La.L.Rev. 675 (1979), which comments on Courtney v. Harris, 355 So.2d 1039 (La.App. 4th Cir. 1978). That case involved a medical payments subrogation claim under a policy which did not provide a conventional subrogation. The court held there was no legal subrogation, a position with which the author of the Law Review article disagrees, but the court, in dicta, states insurance companies have the right to provide in their policies for conventional subrogation.
LSA-C.C. Article 2160(1) provides that conventional subrogation occurs:
"When the creditor, receiving his payment from a third person, subrogates him in his rights, actions, privileges, and mortgages against the debtor; this subrogation must be expressed and made at the same time as the payment."
The requirement that the subrogation agreement must be "made at the same time as the payment" does not mean the agreement cannot be entered into before the payment, but that it cannot be entered into after the payment. The reason for this requirement is that once payment is made the debt is extinguished and can no longer be the cause of an obligation. Cooper v. Jennings Refining Company, 118 La. 181, 42 So. 766 (1907).
The automobile insurance policy issued by Southern Farm in Sonnier's favor contains the following clause:
"11. Subrogation. Upon payment of any loss covered under this policy, the *998 Company shall succeed to all the rights of recovery of the insured, or any other person in whose behalf payment is made, and they shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights, and shall do nothing after loss to prejudice such rights."
Under this conventional subrogation, Southern Farm became subrogated to Sonnier's claim against Missouri-Pacific upon payment of the $2758.40. State Farm Fire & Casualty Company v. Sentry Indemnity Company, 346 So.2d 1331 (La.App. 3rd Cir. 1977); American Auto Insurance Company v. Twenty Grand Towing Company, 225 So.2d 114 (La.App. 1st Cir. 1969).
Next, Sonnier contends Southern Farm's subrogation rights were not prejudiced by his actions. He argues any harm suffered by Southern Farm resulted from its own inaction.
We do not find Southern Farm caused its own misfortune. Southern Farm attempted to settle the matter in an amicable manner without intervening in the appeal of the Sonniers' suit against Missouri-Pacific. Rather, it is Sonnier who breached his obligations under the insurance policy. Under the terms of the policy, Sonnier undertook the following duties:
"3. INSURED'S DUTIES. The insured, or someone on his behalf, shall as soon as practicable after an accident or loss: ...
(C) Immediately deliver to the company all papers in connection with any claims or suits.
(D) Assist the company in all respects in connection with any claim or suit, including examination under oath, and the exhibition and protection of any damaged property."
The settlement reached between the Sonniers and Missouri-Pacific did "hereby release, acquit and forever discharge Missouri-Pacific Railroad Company from and against all such claims and amounts adjudged to them." As Sonnier's subrogee, Southern Farm had no greater rights than Sonnier. The release of all claims against Missouri-Pacific makes it impossible for Southern Farm to collect the $2758.40 from Missouri-Pacific.
Where an insured has prejudiced the subrogation rights of his insurer by settling a claim against a third party tort-feasor, he has breached his contract, and the insurer is allowed to recover the amount paid from its insured. Travelers Fire Insurance Company v. Ackel, 29 So.2d 617 (La.App. 2d Cir. 1947). See also Dupre v. Vidrine, 261 So.2d 288 (La.App. 3rd Cir. 1972), writ refused, 263 So.2d 48 (La.1972), and the cases therein holding a release of tort-feasor by insured violated the subrogation clause. The trial court correctly awarded Southern Farm the amount of the funeral expenses paid out under the insurance policy.
Finally, Sonnier contends Southern Farm's cause of action prescribed due to Southern Farm's failure to intervene prior to the settlement. He argues that as his subrogee, Southern Farm is subject to the same one year prescriptive period for tort actions applicable to his cause of action against Missouri-Pacific. Also, he argues that upon settlement, the cause of action against Missouri-Pacific terminated.
It is true that Southern Farm now has no cause of action against Missouri-Pacific. However, Southern Farm does have a cause of action against Sonnier. Southern Farm's cause of action to recover the $2758.40 arose when Sonnier prejudiced Southern Farm's subrogation rights by settling with Missouri-Pacific. Southern Farm filed suit only seven days after the settlement. Southern Farm's cause of action against Sonnier for breach of contract did not prescribe.
For the reasons assigned, the judgment appealed is affirmed at the cost of defendant-appellant.
AFFIRMED.