YELVERTON, Judge.
Plaintiff, Motors Insurance Corporation, appeals from a judgment dismissing its subrogation suit. The sole issue to be addressed is whether the suit was properly dismissed. We conclude that it was dismissed through error. We shall order that the judgment of dismissal be appropriately amended and that the subrogation case be remanded for further proceedings.
The attorney for Motors Insurance Corporation filed a subrogation suit against Sherry O’Neal and her insurer. The suit demanded the amount paid under a collision policy of insurance by Motors Insurance Corporation to its insured, Ravena McNett. The petition also made the insured a plaintiff so that she could collect the deductible amount under her policy. Attached to the petition was the subrogation agreement between the parties. Without the knowledge of the attorney for Motors Insurance Corporation another suit involving the same automobile accident had been filed under the Docket Number 810770.
Since the parties agreed that the actions arose out of the same accident and involved the same facts and common questions of law, the actions were consolidated. After the consolidation, and without informing the attorney for Motors Insurance Corporation, Ravena McNett, Sherry O’Neal and her insurer, Miller’s Casualty Insurance Corporation, settled their differences and moved for a dismissal. The trial court granted the motion and dismissed both consolidated cases-with prejudice.
In this appeal Motors Insurance Corporation contends, rightly, that its claim should not have been dismissed because its claim was never compromised, it never joined in the motion to dismiss, and never consented to a dismissal.
Parties to a lawsuit may put an end to the lawsuit by mutual consent. LSA-C.C. art. 3071. Consent by the parties is required to make a compromise binding between the parties. LSA-C.C. art. 3071.
*1391 In Halford v. Dugas, 422 So.2d 693 (La. App. 3rd Cir.1982), a plaintiff argued that a judgment of dismissal with prejudice based on a compromise was not intended to release all parties. The dismissal of all parties, however, was affirmed, for all the parties were informed of the compromise and the judgment of dismissal which stated “on motion of all parties” was signed by the attorneys for all parties.
The facts in this case, however, differ from those in Halford v. Dugas. In this ease all the parties were not involved in the settlement and motion to dismiss. The attorney for Motors Insurance Corporation did not sign the motion to dismiss. It was signed only by the attorneys for Ravena McNett and Sherry O’Neal. There is no indication that Motors Insurance Corporation consented to the compromise and settlement. Therefore, the compromise and judgment of dismissal could not have been intended to dismiss both actions. Although the actions were consolidated, the. subrogation suit should not have been dismissed. However, the cause of action therein stated on behalf of Ravena McNett seeking the amount of her deductible under the policy was properly dismissed with prejudice along with the consolidated suit brought by her against the defendants.
The judgment of the trial court is, therefore, amended to sever the consolidated actions and dismiss with prejudice the suit originally filed under the Docket Number 810770. The other suit filed under the Docket Number 812980 and entitled “Motors Insurance Corporation v. Sherry O’Neal” is dismissed only as to Ravena MeNett’s claim against the defendants. It is remanded for further proceeding according to law as to Motors Insurance claim for subrogation against Sherry O’Neal and Miller’s Casualty Insurance Corporation. Costs are assessed against defendants-ap-pellees.
AMENDED and REMANDED.