527 So.2d 589 (1988)
STATE NATIONAL FIRE INSURANCE CO., Plaintiff-Appellant,
v.
Tommy G. SYKES, et al., Defendants-Appellees.
No. 87-500.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
Wilson & Walker, Alonzo P. Wilson, Alexandria, for plaintiff-appellant.
James N. Lee, Terry B. Soileau, Bunkie, for defendants-appellees.
Before DOMENGEAUX, STOKER and KING, JJ.
DOMENGEAUX, Judge.
Plaintiff-appellant, State National Fire Insurance Company, appeals a motion for summary judgment denying its subrogation claim against the defendants, Tommy G. Sykes and his insurer South Central Insurance Company.
On September 17, 1985, a log truck owned by defendant-appellee, Tommy G. Sykes, rolled down a hill into the residence of Darrow and Radean Ussery. Plaintiff-appellant, State National Fire Insurance Company, had a homeowners policy in effect on the Ussery's home. Pursuant to the terms of the Ussery's homeowners policy, State National paid the Usserys $5,200.00 for the damage their home sustained and, thereupon, became legally subrogated to the Ussery's claim for up to $5,200.00. Aetna Insurance Company v. Naquin, 488 So.2d 950 (La.1986). At the time of the accident, the tortfeasor, Sykes was insured by defendant-appellee, South Central Insurance Company. In November, 1985, and on several occasions thereafter, State National notified Mr. Sykes and South Central of the $5,200.00 payment and of its intention to proceed with its subrogation claim.
The Usserys eventually filed suit against Mr. Sykes and South Central for the damages caused by Mr. Sykes. State National did not intervene in that suit to collect the $5,200.00 payment. Prior to going to trial the Usserys entered into a receipt and release *590 agreement with Mr. Sykes and South Central for the sum of $65,500.00. The language of this agreement stated that the amount was intended to cover any and all known injuries, damages, pain and suffering, mental anguish and/or claim(s) of every type. The agreement also contained the following language:
That appearers further agree to fully indemnify and hold harmless the parties released herein and to defend said released parties from any claims made or to be made in the future by intervention and/or through subrogation, whether legal or otherwise, by any party or parties or by any employer or its worker's compensation insurer or the assignees of either under La.R.S. 23:1102, as amended, for the reimbursement of worker's compensation benefits and/or incidental expenses paid to appearer(s) as a result of the loss described herein. (emphasis added).
On July 7, 1986, State National filed this suit to enforce its subrogation rights against Mr. Sykes and South Central for the $5,200.00 payment to the Usserys. The defendants filed a motion for summary judgment asking for a judgment of dismissal based on their attached affidavits, which included a copy of the aforementioned receipt and release agreement. State National amended its petition and added its insureds, the Usserys, as alternative defendants, to be liable only if the court found defendants Sykes and South Central not responsible for the payment. Soon thereafter, the Usserys also filed a motion for summary judgment asking for a dismissal of the plaintiff's demands based on their contention that the plaintiff was neither conventionally nor legally subrogated to any claim of the Usserys. The plaintiff then filed a motion for partial summary judgment against Sykes and South Central or, in the event that the court found no cause of action existed against Sykes and South Central, against the insureds, the Usserys.
The Trial Judge granted only the motion for summary judgment of Sykes and South Central and dismissed them with prejudice from this suit. The Trial Judge did not refer to any other motion for summary judgment that had been filed. In its reasons for judgment, the Trial Judge ruled that because the Usserys agreed to defend and hold harmless Sykes and South Central in the release agreement, the Usserys became a trustee of the excess payment they received for their insurer, State National. As controlling authority for its decision, the court cited Audubon v. Farr, 453 So.2d 232 (La.1984). The court concluded by stating that since the Usserys were obligated to indemnify Sykes and South Central against any claims brought by State National, the plaintiff's suit against Sykes and South Central was dismissed. State National has appealed this dismissal arguing that the Trial Judge erred in his interpretation of Audubon v. Farr, supra, and, that under Southern Farm Bureau Cos. Ins. v. Sonnier, 406 So.2d 178 (La.1981), it should have been allowed to enforce its partial subrogation claim against Sykes and South Central.
For the following reasons, we agree with the plaintiff and reverse the ruling of the Trial Court. In Southern Farm Bureau Cas. Ins. v. Sonnier, supra, Southern Farm paid the funeral expenses of its insured who was killed by the tortfeasor. The victim's survivors, the Sonniers, sued the tortfeasor and his insurer and was awarded $103,160.00 in damages which included the funeral expenses. Southern Farm notified the Sonniers of its intention to be reimbursed the funeral expenses. Prior to learning whether or not the Sonniers would honor Southern Farm's claim, the Sonniers settled their suit against the tortfeasor for $90,000.00. The Sonniers then notified Southern Farm that they would not honor the reimbursement claim. Southern Farm sued the Sonniers for the funeral expenses. The Supreme Court ruled that Southern Farm's recourse was against the tortfeasor and his insurer, not against the victim's family. The ruling turned primarily on the fact that the Sonniers had not been fully compensated for their injuries and, as such, they were entitled to receive full recovery in preference to the partial subrogee (Southern Farm).
*591 "He [the subrogor] comes before the latter and the subrogee can only claim that which remains after the subrogor has been paid." 406 So.2d at 180. The court further explained the rights of the partial subrogee as follows:
In accordance with this underlying policy, we conclude that the partial subrogee is accorded merely the right of a joint or several obligee. It would be inconsistent with the legislative scheme to allow the partial subrogee to exercise the prerogatives of a solidary obligee ... It is unnecessary for us to decide in this case whether the subrogor and subrogee in a partial subrogation are joint or several obligees, since either type of obligee enjoys an independent substantive right which he may exercise against the debtor.

(Footnotes omitted, emphasis added) 406 So.2d at 181.
After reviewing the facts of Sonnier, as reported by this Court in 396 So.2d 996 (La.App. 3rd Cir.1981), we note that the Sonniers' settlement agreement also contained "release, acquit and discharge" language that released the tortfeasor and his insurer from any future subrogation claims. (396 So.2d at 998). The Supreme Court did not address the effect of the release language except to state that:
Accordingly, we conclude that, upon Southern Farm's payment to its insured, the debt of the railroad was divided between it and Sonnier, causing them to become either several or joint obligees, and that the subsequent actions of Sonnier in exercising his right to collect his part of the credit had no prejudicial effect upon the insurance company's right. (Emphasis added).
In the case sub judice, there is no evidence that the Usserys have been only partially compensated by the $60,500.00 settlement award. Regardless of this however, Sonnier clearly sets forth the premise that the partial subrogee (State National) has an independent substantive right to proceed against the debtor (Sykes and South Central) and that the subsequent acts of the original creditor (the Usserys and the release agreement) have no prejudicial effect upon the partial subrogee's right to collect against its debtor.
South Central and Mr. Sykes contend that Audubon v. Farr, supra, was controlling and required the insurer to go against his insured rather than the tortfeasor and his insurer. The Trial Court agreed. In Audubon, Ms. Donna Paul's house was struck by a hit and run driver (Edward Farr). Paul collected approximately $4,400.00 from her homeowners insurer, Audubon Insurance Co., for the damages caused to her residence. Upon this payment, Audubon was conventionally subrogated to Paul's claim against the tortfeasor. Unknown to Audubon, Paul also received $4,000.00 from Allstate, the tortfeasor's insurer. At the time Allstate paid Paul, Allstate had no knowledge of the subrogation rights of Audubon. Audubon subsequently sued Allstate in pursuit of their subrogation claim. In a plurality opinion with three (3) concurrances and three (3) dissents, the court ruled that Audubon's cause of action was not against the tortfeasor and his insurer (unlike in Sonnier) but against the victim, Paul because she breached the subrogation agreement and because Allstate paid Paul in good faith and without notice or knowledge of Audubon's subrogation claim. The three concurring Justices strongly emphasized that because the debtor (Allstate) paid the debt in good faith without notice of Audubon's claim, under La.C.C. art. 2644, the debt was discharged as to the subrogee (Audubon). The three dissenting Justices also discussed this lack of notice on the part of Allstate as extinguishing its obligation towards Audubon.
Conversely, one can discern from Farr that had Allstate been given notice of Audubon's subrogation claim and still paid Paul her damage claim, Audubon could have pursued its subrogation claim against Allstate. In the case sub judice, the Trial Court stated that State National notified Mr. Sykes and South Central of its right of subrogation on several occasions prior to the settlement agreement with the Usserys. Hence, we conclude that Farr supports a finding that the plaintiff has a right *592 to pursue its claim against Sykes and South Central rather than be forced to go against the Usserys because South Central had notice of State National's subrogation claim prior to their settlement with the Usserys.
As we find that under the jurisprudence, the plaintiff is entitled to pursue its subrogation claim against Sykes and South Central, we reverse the ruling of the Trial Judge. It will be necessary for Sykes and South Central to assert a third party demand against the Usserys in order to be indemnified pursuant to their agreement. See La.C.C.P. art. 1111 ff.
For the foregoing reasons, we reverse the Trial Judge's dismissal of the defendants Sykes and South Central and remand for further proceedings.
Costs on appeal are to be paid by the defendants.
REVERSED AND REMANDED.