BOWES, Judge.
This appeal arises from a judgment in favor of St. James Bank and Trust Company (hereinafter the Bank) and against the Louisiana Minority Business Development Authority (hereinafter LAMBDA) in which the trial court ruled that the Bank had preference for the unpaid balance of a loan. LAMBDA appeals. We affirm.
The facts of this case are not in dispute. 5 & H Enterprises, Inc. executed a series of promissory notes with a continuing line of credit of $100,000 to the Bank. J. Bruce Pasley and James M. Stephenson signed as personal guarantors on the notes. On April 12, 1985, the Bank and LAMBDA entered into an agreement whereby LAMBDA agreed to guarantee up to 90% of the S 6 H Enterprises, Inc. loan.
In May, 1986, the total amount owed to the Bank pursuant to the promissory notes was $98,050.88. When, according to the terms of the notes, they became delinquent, the Bank informed LAMBDA of its intent to call in the loan. In June, 1986, the Board Chairman of LAMBDA, wrote a letter to the vice-president of the Bank informing him that LAMBDA was fully prepared to pay the agreed upon 90% of any monies borrowed by S & H Enterprises, Inc., but it had come to his attention that there was a possible misunderstanding with respect to the terms of the Guarantee Agreement. In this letter, the Board Chairman stated that the Bank would be obligated to transfer and assign to LAMBDA any promissory notes executed by S & H Enterprises, Inc. and any guaranty agreements executed by the parties. It is important to note that the actual signed agreement entered into between the Bank and LAMBDA was silent as to any such requirements on the part of the Bank. Notwithstanding the disagreement, on August 27,1986, LAMBDA paid the Bank the sum of $88,245.79 pursuant to the guaranty agreement between the two parties. Although the Bank did assign some notes to LAMBDA, it retained one note as evidence of the remaining amount owed to the bank.
On December 4,1986, the Bank filed suit against S & H Enterprises, Inc. and J. Bruce Pasley and James M. Stephenson personally and in solido for the balance of the note in the amount of $13,535.25. On February 23, 1987, LAMBDA filed a petition of intervention asserting that the defendants to the suit were indebted to inter- *916 venor in the sum of $88,245.79 and, without the note, its rights to recover and collect sums due it were substantially impaired.
Ultimately, all sides submitted the matter to the court based upon the contents of the record and additional trial memoranda.[1] On December 29,1987, the trial court ruled in favor of the Bank and refused to order them to surrender the note to LAMBDA.
LAMBDA appeals and presents only one assignment of error:
Intervenor-appellant submits that the trial court erred in denying a subrogated obligor, according to the terms of the agreement and understanding of the parties, the right to proceed against the principal obligor for the amount paid to the original obligee.
Appellant, LAMBDA, argues that LSA-C.C. Arts. 3040 and 3048[2] are applicable in the instant case. LAMBDA asserts that LSA-C.C. Art. 3040 states a suretyship agreement may be entered into where the payment is for less than the full amount and, further, that by operation of law the surety who pays the principal obligation is subrogated to the rights of the creditor. LAMBDA claims, consequently, that it has the exclusive right to proceed against the original debtors as surety on their loan. In the instant case, the Authorization and Loan Agreement (Guarantee Loans) between LAMBDA and the Bank is silent as to the requirement that the Bank submit all notes to LAMBDA upon payment or, more particularly, partial payment of the loan upon default of S & H Enterprises, Inc. If LAMBDA had made payments equal to 100% of the loan made by S & H Enterprises, Inc., silence in the agreement would be inconsequential; however, since only partial payment was made, we must look to the Civil Code for further guidance. Accordingly, LSA-C.C. Art. 3040 and 3048 must be read in conjunction[3] with LSA-C. C. Art. 1826, which states in pertinent part:
An original obligee who has been paid only in part may exercise his right for the balance of the debt in preference to the new obligee.
Additionally, it is well established in Louisiana jurisprudence that before a surety is entitled to recover any amount paid to the principal creditor by virtue of legal subro-gation, the principal creditor’s claim must be fully satisfied. In providing an historical perspective of this issue, the Louisiana Court, in Southern Farm Bureau Cas. Inc. v. Sonnier, 406 So.2d 178 (La.1981), stated:
According to French jurisprudence dating back as far as 1712, the original creditor or subrogor is always preferred to the subrogee in such a case; he comes before the latter, and the subrogee can only claim that which remains after the subrogor has been paid. This was the rule in the time of Pothier and the Civil Code (C.N. 1804, art. 1252) expressly recognizes this right of preference accorded to the subrogor against the subrogee. 2 M. Planiol, supra.
Accord: Gumbell v. Boyer, 46 La.Ann. 1499, 16 So. 465 (La.1894); Walmsley v. Theus, 107 La. 417, 31 So. 869 (La.1901); Weber v. Press of H.N. Cornay, Inc., 144 So.2d 581 (La.App. 4 Cir.1962).
In the instant case, we find that the Authorization and Loan Agreement between LAMBDA and the Bank was silent as to the requirement that the Bank turn over all notes to LAMBDA. Consequently, the applicable Code articles and jurisprudence of this state must be complied with. Since the Bank, the original creditor, did not receive full payment for the S & H Enterprises loan, LAMBDA, who did become legally subrogated to the rights of St. *917 James Bank, is subrogated subordinately to the rights of the Bank to be paid the balance of the loan due.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. The trial court originally granted a summary judgment in favor of St. James Bank, however, a new trial was granted on motion of defendants and LAMBDA because these parties were not served with notice of the trial.

. Art. 3040. Rules may be varied
Suretyship may be qualified, conditioned, or limited in any lawful manner.
Art. 3048. Surety’s right of subrogation
The surety who pays the principal obligation is subrogated by operation of law to the rights of the creditor.

.Art. 13. Laws on the same subject matter
Laws on the same subject matter must be interpreted in reference to each other. Acts 1987, No. 124, Sec. 1, eff. Jan. 1, 1988.