WILLIAM A. CULPEPPER, Judge Pro Tern.
This is a suit on a subrogation claim arising out of an automobile accident. The trial court sustained defendant’s exception of the prescription of one year. Plaintiff appealed.
*1066 FACTS
On June 7, 1988, a four car collision occurred at an intersection. One of the vehicles was driven by Geral Manuel and insured by State Farm, and another was driven by John McMillan and insured by Government Employees Insurance Company (GEICO).
State Farm paid to Manuel his property damage and medical expenses totaling $9,331.50. In connection with these payments, Manuel signed a subrogation agreement to State Farm of his rights to recover from a third party tortfeasor, and he agreed not to settle his claim without the written consent of State Farm. Despite the subrogation agreement, Manuel accepted payments from GEICO, as' the liability insurer of McMillan, for all his damages, including property damage and medical expenses, without even notifying State Farm.
On June 5, 1989, State Farm filed suit against Manuel seeking reimbursement for the proceeds Manuel received in violation of the subrogation agreement. On August 30, 1989, State Farm amended and supplemented its petition to add GEICO as an additional defendant. Since this was done after the one year anniversary of the accident, GEICO filed an exception of prescription. GEICO also filed a peremptory exception of res judicata, alleging GEICO’s payment to Manuel was a transaction and compromise extinguishing the debt as to both Manuel and State Farm.
The trial court took up the exception of prescription and in a written opinion held that “any interruption of prescription as to Geral Manuel does not extend to State Farm in its status as subrogee.” The court apparently relied on the holding in Flowers v. U.S. Fidelity & Guaranty Co., 381 So.2d 378 (La.1980), that: “The interruption of prescription has no effect beyond the specific right of the person of which the debtor makes acknowledgment.”
The court also held that certain correspondence between GEICO and State Farm did not constitute an acknowledgment of the debt owed and therefore was not an interruption of prescription. The exception of prescription was sustained and State Farm’s suit dismissed. The court did not take up the exception of res judicata. State Farm then filed this appeal.
We conclude that the trial judge erred in sustaining the exception of prescription because Manuel and GEICO are solidary obli-gors to State Farm, and the timely suit against Manuel interrupted prescription as to GEICO. LSA-C.C. art. 1799.
Manuel is obligated to State Farm for breach of the subrogation agreement, by settling with the tortfeasor without State Farm’s written consent, thereby causing State Farm to lose its right to recover the property damages and medical expenses it paid to Manuel. GEICO is liable to State Farm for these same property damages and medical expenses under its liability policy issued to Mr. McMillan, and the subro-gation from Manuel. Thus, Manuel and GEICO are each liable to State Farm for the whole performance of the same debt and they are solidary obligors. LSA-C.C. art. 1794. The obligations are solidary even though they derive from different sources for each obligor. LSA-C.C. art. 1797.
GEICO argues there was no solidary liability by Manuel and GEICO to State Farm, because GEICO’s payment to Manuel extinguished its obligation to Manuel, and also to State Farm as Manuel’s subrogee.
This same issue was discussed in the recent case of Provident Life and Acc. Ins. v. Turner, 582 So.2d 250 (La.App. 1 Cir.1991). In that case Provident paid its injured insured’s (wife’s) medical bills from an accident during the pendency of a suit by the insureds (the Turners) against Wal-Mart, McNeil Real Estate Fund (McNeil), and National Union Fire Insurance Company (National Union). Provident then became subrogated to the Turners’ rights against the defendants. Provident also notified National Union and the Turners’ attorney that it had paid the medical bills and requested reimbursement. Subsequently, the Turners settled with the defendants and dismissed the suit with prejudice.
Provident then filed suit against the Turners. Later it amended its suit to add *1067 Wal-Mart, McNeil and National Union as defendants. Defendants filed an exception of prescription which the trial court granted.
The First Circuit reversed. It discussed the issue of whether defendants were soli-dary obligors with the Turners with respect to Provident’s claim for reimbursement, thus allowing Provident’s timely suit against the Turners to interrupt prescription as to the other defendants. The court first reviewed the case of State National Fire Insurance Co. v. Sykes, 527 So.2d 589 (La.App. 3 Cir.1988), which held that a sub-rogee is precluded from asserting its claim against the tortfeasor and his insurer after a settlement between them and the plaintiff/subrogor, only when the tortfeasor and his insurer were not aware of the subro-gee’s claim for reimbursement at the time of the settlement.
The First Circuit then reviewed Audubon Insurance Company v. Farr, 453 So.2d 232 (La.1984) and Southern Farm Bureau Casualty Insurance Company v. Sonnier, 406 So.2d 178 (La.1981). It concluded that if the Turners and National Union had actual knowledge of Provident’s subrogation claim, but nevertheless settled the underlying tort claim without notice to Provident and subsequently refused to reimburse it, the Turners and National Union would be solidary obligors with respect to Provident’s claim for reimbursement.
The record in the present case clearly shows that GEICO had knowledge of State Farm’s subrogation claim against it on September 1, 1988. GEICO’s settlement check was issued on October 20, 1988. Therefore, GEICO and Manuel were solidary ob-ligors with respect to State Farm’s claim for reimbursement since GEICO had knowledge of State Farm’s subrogation claim prior to its settlement with Manuel and Manuel had recovered the full amount of damages from GEICO.
Moreover, in Serpas v. Ridley, 556 So.2d 134 (La.App. 5 Cir.1990) the court held in a similar situation that where the victim settled with his uninsured motorist insurer and gave it a subrogation before the victim settled with the tortfeasor, the subrogation was valid as against the tortfeasor. The court relied on Bond v. Commercial Union Assurance Co., 407 So.2d 401 (La.1981) for a similar ruling. The Fifth Circuit distinguished Bosch v. Cummings, 520 So.2d 721 (La.1988) because there the victim released the tortfeasor before subrogating his UM insurer.
In the present case, the subrogation to State Farm preceded the release of GEICO. Therefore, under the above authorities, the subrogation is valid despite the later settlement by Manuel with GEICO as the tort-feasor’s insurer.
For the reasons assigned, the judgment appealed is reversed, and this case is remanded to the trial court for further proceedings in accordance with law and the views expressed herein. All costs are assessed against the appellee.
REVERSED AND REMANDED.