JiPICKETT, Judge.
The defendant Allstate Insurance Company, appeals a judgment of the trial court dismissing the suit filed by the plaintiffs, Yolanda and Quinn Dauterive, and all cross claims with prejudice. For the reasons set out below, we affirm in part, reverse in part and remand.
FACTS
On September 26, 1994, Yolanda H. Dau-terive and Emmet J. Benit were involved in an automobile accident in New Iberia, Louisiana. Following the accident, Mrs. Dauterive and her husband, Quinn Dauterive, filed an original petition for damages against Mr. Benit, D.L. Peterson Trust d/b/a PHH Corporation and/or ^Nabors Drilling USA, Inc. (Mr. Benit’s employer and the owner of the automobile driven by Mr. Benit), National Union Fire Insurance Company of Pittsburgh, Pennsylvania (the insurer of Mr. Ben-it and his employer), and Allstate Insurance Company (the uninsured/underinsured motorist insurer for the Dauterives) on September 13, 1995. Allstate Insurance Company (Allstate) answered the Dauterives suit and simultaneously filed a cross-claim against Mr. Benit, D.L. Peterson Trust d/b/a PHH Corporation and/or Nabors Drilling USA, Inc., and National Union Fire Insurance Company of Pittsburgh, Pennsylvania (defendants-ap-pellees), on October 13,1995, alleging indemnification, contribution and subrogation for the uninsured/underinsured motorist coverage, medical payments and rental reimbursement coverage it provided the Dauterives. The defendants-appellees answered the Dau-terives petition on January 9, 1996, and Allstate’s cross-claim on January 11, 1996. Thereafter, the Dauterives moved for a judgment of partial dismissal without prejudice in favor of Allstate. The trial court granted the motion and signed the judgment on February 13,1996.
Following Allstate’s dismissal from the original suit, the Dauterives and the defendants-appellees settled the Dauterives’ claims on November 19, 1997. A judgment of dismissal was then submitted to the trial court by the attorneys for the Dauterives and the defendants-appellees. Allstate did not approve the judgment. The judgment, signed on December 10, 1997, dismissed the claims of the Dauterives with full prejudice. The judgment also dismissed all “third party demands, cross-claims and all other incidental demands” with full prejudice. Allstate now appeals.
OPINION
Allstate asserts one assignment of error in their appeal, namely: The trial court erred in dismissing the cross-claim of Allstate without hearing or trial when Allstate *1170 bdid not consent to the dismissal. Allstate argues that a judgment of dismissal dismissing all claims cannot be granted without the consent of all claimants, short of a trial or hearing.
As noted by Allstate, the issues and facts of this case are similar to the issues and facts presented in Motors Ins. Corp. v. O’Neal, 449 So.2d 1390 (La.App. 3 Cir.1984). In Motors Ins. Corp., Motors Insurance Corporation (Motors) filed a subrogation suit against Sherry O’Neal and her insurer, Miller’s Casualty Insurance Corporation (Miller’s), for amounts paid under its policy to its insured, Ravena McNett, as the result of an automobile accident. This suit was consolidated with Ms. McNett’s suit against the same parties. Following the consolidation, Ms. McNett settled with Ms. O’Neal and Miller’s. Thereafter, Ms. McNett, Ms. O’Neal and Miller’s moved for a motion of dismissal without informing Motors. The trial court granted the motion for dismissal and dismissed both consolidated cases with prejudice. Motors appealed claiming that their subrogation claim should not have been dismissed because their claim was never compromised, they did not join the motion to dismiss, and they never consented to the dismissal. In reversing the trial court’s dismissal of Motors’ subrogation claim, we stated:
In this case all.the parties were not involved in the settlement and motion to dismiss. The attorney for Motors Insurance Corporation did not sign the motion to dismiss. It was only signed by the attorneys for Ravena McNett and Sherry O’Neal. There is no indication that Motors Insurance Corporation consented to the compromise and settlement. Therefore, the compromise and judgment of dismissal could not have been intended to dismiss both actions. Although the actions were consolidated, the subrogation suit should not have been dismissed.
Motors Ins. Corp., 449 So.2d at 1391.
In the instant ease, neither Allstate nor their attorneys signed the motion to dismiss. The motion was signed only by the attorneys for the Dauterives and the hdefendants-ap-pellees. Nothing in the record indicates that Allstate consented to the compromise and settlement.
The defendants-appellees contend that Allstate’s failure to approve the motion to dismiss has no effect based upon the language used in the release of all claims executed by the Dauterives. In the release, the Dauterives agree to “protect, indemnify, hold harmless and defend” the defendants-appel-lees “from any suit, claim, cross-claim, intervention or subrogation by any other person, employer, corporation or insurance company ...” The defendants-appellees contend that, based upon this language, Allstate’s right of action is against the Dauterives rather than the defendants-appellees. We, however, do not agree with the defendants-appellees interpretation of the language. The clear and unambiguous language in the release has no effect on the standing of Allstate’s cross-claim against the defendants-appellees. The language creates a relationship between the Dauterives and the defendants-appellees. The Dauterives are obligated to intervene in the cross-claim and defend the defendants-appellees or, if the Dauterives fail to fulfill their obligation to defend, the defendants-appellees have a right to seek indemnification against the Dauterives. This relationship does not affect Allstate’s right to pursue its cross-claim.
Furthermore, La.Code Civ.P. art. 1039, which addresses the effect of the dismissal of the principal action, provides:
If an incidental demand has been pleaded prior to motion by plaintiff in the principal action to dismiss the principal action, a subsequent dismissal thereof shall not in any way affect the incidental action, which must be tried and decided independently of the principal action.
Thus, it is also clear from reading Article 1039 that Allstate’s cross-claim should not have been affected by the compromise and settlement between the Dauterives and the bdefendants-appellees. Accordingly, we find that the dismissal of Allstate’s cross-claim was improper.
DISPOSITION
For the foregoing reasons, the judgment of the trial court as it pertains to the dismissal *1171 of Allstate Insurance Company is hereby reversed. The remainder of the trial court’s judgment is affirmed. We remand the case to the trial court for further proceedings consistent with the views expressed herein. All costs of this appeal are assessed to the defendants-appellees.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.