STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
CA 03-1373

ELEANOR HAIK ETIE BAZER, ET AL.

VERSUS

HONDA MOTOR CO., LTD, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 88974
HONORABLE EDWARD LEONARD  JR., DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Glenn B. Gremillion, Billy Howard Ezell, and *Arthur J. Planchard, Judges.

* Honorable Arthur J. Planchard, Retired, participated in this decision by appointment of the Louisiana Supreme Court as *Judge Pro Tempore*.

AFFIRMED.

Lawrence J. Duplass
Joseph George Glass
Guyton Henri Valdin, Jr.
Duplass, Zwain, Et Al.
3838 N. Causeway Blvd., #2900
Metairie, LA 70002
(504) 832-3700
Counsel for: Defendants/Appellees
American Honda Motor Co., Inc.
Honda R & D Co., LTD
Honda Motor Co., LTD

Joseph R. Joy, III
Joseph Joy & Assoc.
P. O. Box 4929
Lafayette, LA 70502
(337) 232-8123
Counsel for: Plaintiff/Appellee
Eleanor Haik Etie Bazer

Morris Michael Haik, Jr.
Attorney at Law
110 W. Washington Street
New Iberia, LA 70560
(337) 560-4357
Counsel for: Plaintiff/Appellee
Eleanor Haik Etie Bazer

Angela P. McCulloch
Richard Nereaux Burtt
Office of General Counsel
P. O. Box 94095
Baton Rouge, LA 70804-9095
(225) 219-0244
Counsel for: Intervenor/Appellant
Office of Group Benefits, State of Louisiana

Steve A. Bryant
Attorney at Law
3618 Mount Vernon St., Ste A
Houston, TX 77006-4238
(713) 526-7474
Counsel for: Plaintiff/Appellee
Eleanor Haik Etie Bazer

Douglas Alan Thomas
Attorney at Law
417 N. 20th St.
Birmingham, AL 35203-3279
(205) 251-1193
Counsel for: Defendants/Appellees
Honda R & D Co., LTD
Honda Motor Co., LTD
American Honda Motor Co., Inc.

**EZELL, JUDGE.**

The Office of Group Benefits appeals a judgment denying its motion for new trial which was filed in response to the trial court's dismissal of its intervention claim in a tort suit filed on behalf of its insured. Its insured, Renee Etie, was involved in a one-vehicle accident which left her a quadriplegic and with permanent brain damage. At the time of trial, Group Benefits had paid $611,142.02 for Etie's medical expenses. After several days of trial, Etie's mother settled with Honda. After notice of the settlement to counsel for Group Benefits, Group Benefits' intervention claim was dismissed with prejudice.

## FACTS

Renee Etie was involved in a car accident on June 7, 1997. At the time, Etie had health insurance coverage with State Employees Group Benefits Program, predecessor to Group Benefits. Group Benefits paid medical expenses for Etie's medical care totaling $611,142.02 through December 31, 2001.

On June 3, 1998, Etie's mother, Eleanor Etie Bazer, individually and on behalf of Etie, sued Honda Motor Company, Ltd., American Honda Motor Company, Inc. and Honda Research and Development Company, Ltd. (hereinafter collectively referred to as Honda). Bazer claimed that Etie was harmed by the defective design of the Honda that Etie was driving at the time of the accident. She also sued Iberia Parish Government.

Group Benefits intervened in the suit on September 4, 1998. Prior to trial, Iberia Parish Government settled with Bazer and Group Benefits. Group Benefits received $30,000 as a result of the settlement.

On May 10, 2002, pretrial motions were heard, and trial by jury began on May 13, 2002. At that time, counsel for Group Benefits offered a written stipulation on

1

the issue of subrogation and reimbursement of benefits into evidence. Written reasons for judgment indicate that counsel for Group Benefits then asked if she could be excused from the rest of trial, which Group Benefits admits in brief. Trial continued for six additional days.

After lunch on the sixth day, Bazer and Honda informed the court that they had reached a settlement. At that time a call was placed by Bazer's attorney in the presence of the trial court to counsel for Group Benefits informing her of the settlement. Group Benefits was told that if it wanted to pursue its intervention claim, it would need to be at the courthouse within an hour-and-a-half. Group Benefits was advised that the trial court would not hold the jury past this time.

By 1:00 p.m., no one had appeared on behalf of Group Benefits nor had anyone called to advise the trial court of Group Benefits' intentions or if it planned to take any action. Thereafter, Bazer asked that Group Benefits' intervention claim be dismissed, and an order dismissing Group Benefits' claims was signed on May 28, 2002. On June 7, 2002, Group Benefits filed a motion for new trial. A hearing on the matter was held on July 26, 2002, with the trial court taking the matter under advisement. On July 31, 2002, the trial court issued written reasons for judgment denying Group Benefits' motion for new trial. A judgment was signed on December 17, 2002. It is from this judgment that Group Benefits appeals.

## DISCUSSION

Group Benefits argues that the trial court erred in dismissing its claim because its claim was proven prior to trial. It relies on a pretrial stipulations and a stipulation that it introduced as an exhibit prior to trial, which includes the reimbursement and subrogation provisions from the plan document between it and Etie. It was also stipulated that Group Benefits had issued benefits on behalf of Etie in the total

2

amount of $611,142.02 for the treatment of injuries she sustained in the accident. Therefore, Group Benefits argues that it did not need to prove anything further.

However, what Group Benefits fails to recognize, and which was acknowledged by the trial court in its reasons for judgment, the stipulation also provided that Group Benefits was entitled to recover with preference and priority for issued benefits if there is a "finding that any of the defendants are at fault." A settlement was reached between Bazer and Honda before there was any finding of fault. As observed by the trial court, the stipulation only established the amount of Group Benefits' claim.

If Honda had admitted liability prior to trial, then there would have been no need to have a trial on the issue. Group Benefits was asserting a claim based on subrogation against Honda. "When subrogated to the rights of the insured, the insurer stands in the shoes of the insured and thereby acquires the independent right to assert the actions and rights of the insured." *Bailsco Blades & Casting, Inc. v. Fireman's Fund Ins. Co.*, 31,876, p.3 (La.App. 2 Cir. 5/5/99), 737 So.2d 164, 166(*citing Barreca v. Cobb*, 95-1651 (La. 2/28/96), 668 So.2d 1129, and La.Civ.Code arts. 1825 and 1826). "Additionally, the subrogated insurer acquires no greater rights than those possessed by its subrogor and is subject to all limitations applicable to the original claim of the subrogor." *Id*. at 167. Group Benefits still had to establish liability to succeed on its subrogation or reimbursement claim.

However, the fact still remains that both Bazer and Honda had notice of Group Benefits' claim for medical expenses paid because it intervened in the proceedings. In *State Nat. Fire Ins. Co. v. Sykes*, 527 So.2d 589 (La.App. 3 Cir. 1988), this court held that where the plaintiff/subrogor settles with the tortfeasor and his insurer for the full amount of the damages, and when the tortfeasor and his insurer are aware of the

3

subrogee's claim for reimbursement, the subrogee can recover what it paid to the plaintiff/subrogor from the tortfeasor and his insurer. But the inquiry does not end here.

The trial court in written reasons for judgment explains that the attorneys and the court notified Group Benefits about the settlement but Group Benefits "made [a] conscious decision, perhaps a bad decision, to absent itself from the trial." The trial court also observed that Group Benefits claims that the trial court did not identify itself when the call was made to notify it of the settlement and that it needed to take action to preserve its claim. The trial court explained that "[i]f the OFFICE OF GROUP BENEFITS had any doubt, it certainly could have made a follow-up call to the Court to confirm same." In addressing Group Benefits' claim that it could not appear at the court within the time limitations set by the trial court, the trial court stated:

> The OFFICE OF GROUP BENEFITS had more than 1½ hours to come to a trial in New Iberia from Baton Rouge; a trial which it received notice of and should have been prepared to try. The Court does not find that it was impossible to come to New Iberia to reappear at trial. If Intervenor had a hardship, it again could have called the Court and asked for additional travel time. Intervenor never requested this from the Court which certainly would have been granted.

We are mindful of *Motor Ins. Corp. v. O'Neal*, 449 So.2d 1390 (La.App. 3 Cir. 1984), in which this court held that an insurer's subrogation suit should not have been dismissed pursuant to a settlement between its insured and defendant and her insurer, where the insurer's claim was never compromised, it never joined in the motion to dismiss, and it never consented to dismissal. However, in that case the insurer was not given an opportunity to pursue its subrogation claim. Group Benefits was given the opportunity to establish its claim of Honda's liability but instead chose to be absent from the jury trial proceedings and to take no further action to preserve its

4

claim whatsoever when notified that a settlement had been reached between Bazer and Honda. Based on the actions of Group Benefits, the trial court was within its authority to assume that Group Benefits acquiesced in the settlement and dismiss its intervention accordingly.

We also observe that Group Benefits may not have been successful in its reimbursement claim against Bazer. When discussing the settlement with the trial court, the trial court noted that the amount of the settlement had been revealed to it, and it agreed, after listening to all the evidence up to that point, "that the amount of the settlement is certainly significantly less than the amount that has been testified to which would be required for future care."

Louisiana Civil Code Article 1826(B) provides, in part, that "[a]n original obligee who has been paid only in part may exercise his right for the balance of the debt in preference to the new obligee." The court in *Fair Grounds Corp. v. ADT Sec. Sys.*, 97-2375, p. 17 (La.App. 4 Cir. 9/23/98), 719 So.2d 1110, 1119, *writ denied*, 98-3098 (La. 2/5/99), 738 So.2d 6, recognized that "under Louisiana law, the original subrogor is always preferred to the subrogee in such a case, and the subrogee can only claim that which remains after the subrogor has been paid." The parties agreed, with the trial court concurring, that Bazer's settlement with Honda did not even satisfy all of Etie's expenses that would be required for just her future medical expenses.

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Office of Group Benefits.

**AFFIRMED**.