668 So.2d 1129 (1996)
Ignatius J. BARRECA
v.
William COBB, et al.
No. 95-C-1651.
Supreme Court of Louisiana.
February 28, 1996.
*1130 Steven Franklin Griffith, Joseph Anthony Barreca, for Applicant.
Byron D. Magbee, III, for Respondent.
MARCUS, Justice.[*]
This concursus proceeding arose out of a personal injury suit. At issue is whether the health insurer, pursuant to a clause in its policy with the insured plaintiff, is entitled to full reimbursement of the benefits it paid on plaintiff's behalf, or whether the plaintiff is entitled to deduct a proportionate share of the attorney fees from that amount.
Plaintiff Ignatius Barreca was injured in a 1991 automobile accident when the vehicle in which he was a guest passenger collided with another vehicle. In the course of the treatment of his injuries, Barreca's health insurer, Blue Cross/Blue Shield of Louisiana ("Blue Cross"), paid a total of $15,360.91 in medical expenses on his behalf. Plaintiff filed suit against the driver of the other vehicle, its owner, and the insurers of both. Plaintiff then wrote to Blue Cross notifying the insurer of the pendency of the suit,[1] but Blue Cross chose not to intervene. The suit was subsequently settled with Barreca collecting $69,000.00.
Pursuant to a clause in plaintiff's Blue Cross policy, plaintiff's counsel sent a letter to the insurer notifying it of the settlement and plaintiff's intent to reimburse Blue Cross subject to the deduction of the one-third contingent attorney fee from the $15,360.91. Blue Cross refused this tender, and plaintiff brought this concursus proceeding, depositing the $15,360.91 in the registry of the court.
After a hearing, the trial judge found in favor of Blue Cross and awarded Blue Cross $15,360.91, the full amount of medical expenses paid on plaintiff's behalf. Plaintiff appealed. The court of appeal affirmed, finding that the policy called for reimbursement as opposed to strict subrogation.[2] Thus, the court concluded the health insurer should not be assessed with a proportionate share of the attorney fees incurred in obtaining the recovery. Upon plaintiff's application, *1131 we granted certiorari to review the correctness of that decision.[3]

DISCUSSION
The relevant provision of plaintiff's Blue Cross policy provides:
E. If the Plan makes payment for services for which a third party (a person or other legal entity) is responsible, then the Plan will be subrogated (substituted) to all the Member's rights of recovery to the extent of such payments. The Member agrees to pay the Plan from the proceeds of any settlement, judgement or otherwise, resulting from the exercise of any rights of recovery of such Member against any third party legally responsible for the injury for which such payment is made.
In addition, if a Member is injured and a third party is responsible, the Plan will pay benefits only on the condition that it will be paid from any damages or monies collected or funds reimbursed to the extent of such benefits provided. This payment to the Plan must be immediately upon collection of said damages, monies or funds with respect to the Member, whether by action at law, settlement or otherwise.
The Member will execute and deliver any papers or instruments to help the Plan recover any payments. The Member shall do nothing after the loss to prejudice such rights nor do anything to hinder recovery. (emphasis added)
In order to properly resolve the issue in this case, we must first decide whether this provision is a subrogation agreement or a reimbursement agreement. While subrogation and reimbursement are similar in effect, they are different principles. With subrogation, the insurer stands in the shoes of the insured and acquires the right to assert the actions and rights of the plaintiff, whereas with reimbursement, the insurer has only a right of repayment against the insured. Copeland v. Slidell Memorial Hospital, 94-2011 (La. 6/30/95), 657 So.2d 1292, 1298-99.
In determining whether a provision establishes subrogation or reimbursement we examine the language used in the provision, and, more importantly, the rights which it grants to the insurer. Copeland, 657 So.2d at 1298-99; Smith v. Manville Forest Products Corp., 521 So.2d 772, 775-76 (La.App. Cir.2d) writ denied, 522 So.2d 570 (La.1988); Evans v. Midland Enterprises, Inc., 754 F.Supp. 91, 93 (M.D.La.1990). While this provision does make use of both terms, it very clearly grants Blue Cross the right to assert the actions and rights of the plaintiff against the tortfeasor. By definition this makes it a subrogation provision. A true reimbursement provision does not allow the insurer to proceed against the tortfeasor. See, e.g., Copeland, 657 So.2d at 1299; Washington National Insurance Co. v. Brown, 94-1346 (La.App. 1st Cir. 4/7/95), 654 So.2d 724, 727-728, writ denied, 95-1699 (La. 10/13/95), 661 So.2d 497; Evans, 754 F.Supp. at 93. Therefore, we hold that the laws of subrogation must be applied to this policy.
The question then becomes whether the principles of subrogation require Blue Cross to contribute to the attorney fees incurred in obtaining this settlement. Although this court has never addressed the question with regard to subrogation, the court has addressed apportionment of attorney fees in the realm of worker's compensation. In Moody v. Arabie, 498 So.2d 1081 (La.1986), this court stated that when an employer pays worker's compensation to its employee who has been injured by the wrongful act of a third person, the employer and the employee become co-owners of a property right consisting of the right to recover damages from the third person. Since a co-owner may force another co-owner to contribute to the costs of maintenance and conservation of the common thing in proportion to his interest, the necessary and reasonable costs of recovery against the third party, including attorney fees, are to be apportioned between the worker and the employer according to their interests in recovery.[4]
Applying the rationale of Moody to the case at hand, we hold that under principles of subrogation, the insurer and the insured *1132 are co-owners of the right to recover the medical expenses paid by the insurer. As co-owners, both the insured and the insurer are responsible for the corresponding litigation expenses. However, we hold that, in subrogation cases, an important prerequisite to the assessment of attorney fees is timely notice to the insurer. Timely notice is necessary to allow the insurer to exercise its right to join the action, or bring its own action, and be represented by legal counsel of its own choosing if it so elects. Assessment of attorney fees is justified only when the insurer chooses to rely on the efforts of plaintiff's counsel.
In sum, we hold that an insurer who has notice of the insured's claim but fails to bring its own action or to intervene in plaintiff's action will be assessed a proportionate share of the recovery costs incurred by the insured, including reasonable attorney fees.[5] However, we also note that the insurer is not bound by the fee contract between the insured and his attorney. Rather the amount and nature of the services rendered and all factors relevant, including the contingency fee contract, must be considered. See, e.g., Leenerts Farms Inc. v. Rogers, 421 So.2d 216 (La.1982).
In this case it is undisputed that Blue Cross received notice of the plaintiff's suit and simply chose not to exercise its right to intervene. Therefore, Blue Cross must bear its proportionate share of recovery costs. Having fully reviewed the record we have determined that the one-third contingency fee is reasonable for this matter. Therefore, applying the formula established in Moody, we award Blue Cross $10,240.65 of the settlement proceeds.[6]

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The case is remanded to the district court in order to distribute funds in accordance with this opinion. All costs are assessed against Blue Cross.
NOTES
[*] Judge Philip C. Ciaccio, Court of Appeal, Fourth Circuit, sitting in place of Kimball, J., recused.
[1] In his letter, plaintiff's attorney advised Blue Cross that "[i]n the event of judgment or payment of the claim by settlement we will obtain the portion due Blue Cross and forward payment. All amounts obtained in this lawsuit are subject to a one-third contingent attorney's fee."
[2] 95-0077 (La.App. 5th Cir. 5/30/95), 656 So.2d 1106.
[3] 95-1651 (La. 10/27/95), 661 So.2d 1366.
[4] Moody, 498 So.2d at 1085-86. Moody was subsequently codified at La.R.S. 23:1103.

Blue Cross argues that the same equities do not apply in the area of subrogation and relies on Southern Farm Bureau Casualty Insurance v. Sonnier, 406 So.2d 178 (La.1981), for the proposition that a partially subrogated insurer and its insured are not co-owners of the action against the tortfeasor. This reliance is misplaced. Sonnier, which pre-dated Moody, did not address whether co-ownership existed; it dealt with preferential rights between the subrogee and subrogor. What the Sonnier court held was that although the subrogee and subrogor each may exercise its right against the tortfeasor independently, a subrogor who has been paid in part may exercise his right for the balance of the debt in preference to the subrogee. Sonnier did not hold that the subrogor and subrogee were not co-owners; the existence of a preference in favor of one of the parties does not alter the basic nature of their relationship. See, e.g., Labiche v. Legal Security Life Insurance, Co., 832 F.Supp. 175, n. 7 (E.D.La.1993), aff'd 31 F.3d 350 (5th Cir.1994).
[5] In a substantial majority of the states the same result is reached, via the common law "common fund" doctrine. This is an equitable doctrine which means that the one who creates the fund in which all will share is entitled to be reimbursed for his efforts. See, e.g., Amica Mutual Ins. Co. v. Maloney, 120 N.M. 523, 903 P.2d 834 (1995); Bowen v. American Family Ins. Group, 504 N.W.2d 604 (S.D.1993); Hedgebeth v. Medford, 74 N.J. 360, 378 A.2d 226 (1977); State Farm Mutual Auto. Ins. Co. v. Clinton, 267 Or. 653, 518 P.2d 645 (1974); State Farm Mutual Auto. Ins. Co. v. Geline, 48 Wis.2d 290, 179 N.W.2d 815 (1970); Washington Fire & Marine Ins. Co. v. Hammett, 237 Ark. 954, 377 S.W.2d 811 (1964); United Services Automobile Association v. Hills, 172 Neb. 128, 109 N.W.2d 174 (1961). For additional jurisprudence see 16 Couch on Insurance 2d § 61:47 (1983).
[6] Under Moody the calculation is as follows:

Total recovery by Barreca $69,000.00
Total of Blue Cross' interest $15,360.91
Proportionate share of total recovery
 realized by Blue Cross 22.262%
Reasonable attorney fee $23,000.00
Blue Cross' proportionate share of
 attorney fee $ 5,120.26
Blue Cross' recovery $10,240.65