NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 11-1010


AMANDA CARPENTER

VERSUS

SHELTER MUTUAL INSURANCE CO.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2010-7228
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Jimmie C. Peters and Billy Howard Ezell, Judges.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Willard Paul Schieffler
Joseph F. Gaar, Jr.
Lucas S. Colligan
P. O. Box 2053
Lafayette, LA 70502-2053
(337) 233-3185
COUNSEL FOR PLAINTIFF/APPELLANT:
      Amanda Carpenter

Thomas Reginald Hightower Jr.
Patrick Wade Kee
P. O. Drawer 51288
Lafayette, LA 70505
(337) 233-0555
COUNSEL FOR DEFENDANT/APPELLEE:
      Shelter Mutual Insurance Co.

PETERS, J.

The plaintiff, Amanda Carpenter, appeals from the trial court denial of her motions for summary judgment and new trial on the issue of whether her automobile liability insurance company, Shelter Mutual Insurance Company (Shelter Mutual), is entitled to recover payments made to her subject to the policy's medical payment subrogation lien without that payment being reduced by the costs and attorney fees she expended in recovering damages from a third party. For the following reasons, we affirm the trial court judgment in part, reverse it in part, and remand this matter to the trial court for further proceedings.

## DISCUSSION OF THE RECORD

The facts in this litigation are not in dispute. On October 13, 2009, Ms. Carpenter sustained personal injuries as a result of her involvement in a Lafayette, Louisiana automobile accident. At the time of the accident, Shelter Mutual insured Ms. Carpenter pursuant to the terms of an automobile liability insurance policy. The policy provides for payment of medical benefits to Ms. Carpenter and, sometime after the accident, Shelter Mutual contributed $5,000.00 to her medical expenses pursuant to the terms of its policy.

The insurance policy also contains a subrogation clause which reads as follows:

> In [sic] **we** make any payment under this Policy and the **person** to or for whom payment is made has a right to recover damages from another, **we** shall be subrogated to that right. However, **our** right to recover is subordinate to the **insured's** right to be fully compensated. This provision does not apply to payments we make under Part. III.

(Emphasis in the original).

Part III of the policy is the Auto Accidental Death Benefit provided for in the policy and is obviously not applicable to this litigation.

The accident occurred on October 13, 2009, and Ms. Carpenter filed suit against the driver of the other vehicle and her liability insurer on March 10, 2010. On September 29, 2010, Ms. Carpenter settled her tort suit for $27,500.00. Thereafter, on November 4, 2010, Ms. Carpenter filed this Petition for Concursus and deposited $5,000.00 of the settlement in the registry of the court. In her concursus petition, she sought a judgment reducing the Shelter Mutual subrogation claim by an amount sufficient to cover the attorney fee and costs she expended in recovering that amount for her insurer.

On February 22, 2011, Ms. Carpenter filed the motion for summary judgment which is now before us. After a March 21, 2011 hearing, the trial court denied relief to Ms. Carpenter without reasons. After the trial court executed a judgment on the issue and after it rejected Ms. Carpenter's motion for a new trial, Ms. Carpenter perfected this appeal asserting two assignments of error: (1) that the trial court erred in not granting the motion for summary judgment and reducing Shelter Mutual's recovery by one-third, and (2) that the trial court erred in not granting her motion for new trial.

## OPINION

### Summary Judgment Issue

Summary judgments are reviewed *de novo*, applying the same standard to the matter as that applied by the trial court. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. Summary judgment is favored by the law and provides a vehicle by which the "just, speedy, and inexpensive" determination of an action may be achieved. La.Code Civ.P. art. 966(A)(2). The trial court is required to render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

2

any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

> A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits.

*Smith*, 639 So.2d at 751 (citations omitted) (alteration in original).

In determining whether a fact is material, we must consider the substantive law governing the litigation. *Davenport v. Albertson's, Inc.*, 00-685 (La.App. 3 Cir. 12/6/00), 774 So.2d 340, *writ denied*, 01-73 (La. 3/23/01), 788 So.2d 427.

The subrogation issue in a workers' compensation situation was addressed by the supreme court in *Moody v. Arabie*, 498 So.2d 1081 (La.1986). In *Moody*, the supreme court held that in the context of a claim against a third party, an employee and his employer are co-owners of a property right which allowed the employee to force the employer to "contribute to the costs of maintenance and conservation of the common thing in proportion to their interests." *Id.* at 1085. Thus, the supreme court held that an employee could force an employer to contribute reasonable costs and attorney fees expended in the recovery against a third party.

In *Barreca v. Cobb*, 95-1651 (La. 2/28/96), 668 So.2d 1129, the supreme court extended the holding reached in *Moody* to cases arising outside of workers' compensation. In *Barreca*, the plaintiff was injured in an automobile accident, and during the course of treatment for his injuries, Blue Cross/Blue Shield of Louisiana (Blue Cross) paid $15,360.91 in medical expenses on his behalf. The plaintiff filed suit against the parties responsible for his injuries and gave Blue Cross written

3

notice of the pendency of the suit. Blue Cross did not intervene in the lawsuit, and the plaintiff ultimately settled his claim for $69,000.00. Thereafter, the plaintiff filed a concursus seeking the same relief Ms. Carpenter seeks in this litigation.

In ruling in favor of the plaintiff, the supreme court first determined that Blue Cross' right was that of subrogation and not reimbursement based on the fact that its insurance policy granted Blue Cross the right "to assert the actions and rights of the plaintiff against the tortfeasor." *Id.* at 1131. Using *Moody* as the rationale for its decision, the supreme court recognized the co-ownership nature of the right to recover medical expenses paid by the insurer and concluded that "an insurer who has notice of the insured's claim but fails to bring its own action or to intervene in plaintiff's action will be assessed a proportionate share of the recovery costs incurred by the insured, including *reasonable* attorney fees." *Id.* at 1132 (footnote omitted)(emphasis in original). With regard to the notice requirement, the supreme court stated:

> As co-owners, both the insured and the insurer are responsible for the corresponding litigation expenses. However, we hold that, in subrogation cases, an important prerequisite to the assessment of attorney fees is timely notice to the insurer. Timely notice is necessary to allow the insurer to exercise its right to join the action, or bring its own action, and be represented by legal counsel of its own choosing if it so elects. Assessment of attorney fees is justified only when the insurer *chooses* to rely on the efforts of plaintiff's counsel.

*Id.* (emphasis in original).

*See also Masters v. State Farm Mutual Automobile Insurance Co.*, 36,735, (La.App. 2 Cir. 3/5/03), 840 So.2d 665, *writ denied*, 03-1219 (La. 6/27/03), 847 So.2d 1276, where the second circuit reversed a trial court judgment awarding contribution to a plaintiff in a medical payment situation because the plaintiff failed to notify the insurer of the claim against the third party until after the matter had been settled.

4

In addition to the pleadings, Ms. Carpenter offered only the declarations page of the Shelter Mutual insurance policy in support of her motion for summary judgment.[1] In opposition to the motion, Shelter Mutual offered a copy of the insurance policy; a copy of a March 26, 2010 letter from a Shelter Mutual claims representative addressed to State Farm Insurance (State Farm) as the defendant's insurer in the underlying litigation, informing that insurer of its intent to exercise its subrogation rights; a copy of a second letter to State Farm from Shelter Mutual's claims department dated April 29, 2010, informing State Farm that Shelter Mutual's investigation determined that State Farm's insured was at fault in causing Ms. Carpenter's accident and that Shelter Mutual intended to pursue its subrogation claim for the medical benefits paid; a copy of a May 28, 2010 form letter to State Farm from Shelter Mutual's claims department requesting a response from State Farm concerning its status in the settlement process; a copy of a September 20, 2010 letter to Ms. Carpenter's attorney wherein Shelter Mutual acknowledged receipt of a September 16, 2010 letter requesting waiver of it subrogation rights and rejected that request; a copy of a September 23, 2010 letter to Ms. Carpenter's attorney wherein Shelter Mutual acknowledged receipt of a September 22, 2010 letter requesting that Shelter Mutual accept two-thirds of the $5,000.00 for its subrogation claim and rejected that request; a copy of an October 7, 2010 letter to Ms. Carpenter's attorney wherein Shelter Mutual again rejected requests to waive its subrogation rights and requested that Ms. Carpenter's attorney forward Shelter Mutual the $5,000.00 at issue.

---

[1] In a supplemental memorandum in support of her motion for summary judgment, Ms. Carpenter discusses a November 12, 2009 letter, which was sent to Shelter Mutual informing it that she had retained counsel. Although the letter is listed as an exhibit, it is not attached to the memorandum.

We find no error in the trial court's denial of Ms. Carpenter's motion for summary judgment based on the evidentiary record before it at the time of the hearing on the motion. Ms. Carpenter presented no evidence to establish that she provided Shelter Mutual with timely notice such as to allow Shelter Mutual to intervene in Ms. Carpenter's action or to file its own action to protect its subrogation rights. However, we find that the trial court erred in dismissing Ms. Carpenter's suit and ordering that the funds on deposit be transferred to Shelter Mutual. The record reflects that Shelter Mutual did not file its own motion for summary judgment on this issue. Thus, the only question before the trial court was whether Ms. Carpenter carried her burden of proof on her motion for summary judgment, not whether or not she will ultimately be successful in the event a trial is required in this matter.

*New Trial Issue*

Ms. Carpenter timely requested a new trial after the trial court executed the judgment dismissing her suit. In doing so, Ms. Carpenter relied completely on the ruling in *Moody*, 498 So.2d 1081. As support for her motion, she attached a copy of Shelter Mutual's insurance policy; a copy of a notice from the Office of the Louisiana Commissioner of Insurance addressing subrogation issues; and a copy of a letter from her attorney dated November 12, 2009, informing Shelter Mutual of his representation of Ms. Carpenter in the proceedings arising from the October 13, 2001 accident. The trial court denied the motion without a hearing.

We find no error in the trial court's denial of a new trial. As we have previously noted, Ms. Carpenter failed to carry her burden of proof on the notice issue and the rejection of the motion for summary judgment on that ground is not contrary to the law and evidence. La.Code Civ.P. art. 1972(A). Additionally, the

6

attachments to Ms. Carpenter's brief are not evidentiary items that could not have been obtained before or during the trial on the motion. La.Code Civ.P. art. 1972(B).[2] While we do find that the trial court erred in dismissing Ms. Carpenter's action, that issue was not addressed in her motion for new trial.

## DISPOSITION

For the foregoing reasons, we affirm the trial court judgment rejecting Amanda Carpenter's motion for summary judgment and motion for new trial, except that we reverse that portion of the trial court judgment dismissing Amanda Carpenter's claims against Shelter Mutual Insurance Company and remand the matter to the trial court for further proceedings consistent with this opinion. We assess the costs of this appeal equally between Amanda Carpenter and Shelter Mutual Insurance Company.

This opinion is **AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rules 2-16.2 and 2-16.3, Uniform Rules—Courts of Appeal.

---

[2]Louisiana Code of Civil Procedure Article 1972(C) relates to jury trials and is not applicable to this litigation.