NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-849


AMANDA CARPENTER

VERSUS

SHELTER MUTUAL INSURANCE CO.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20107228
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Phyllis M. Keaty, and John E. Conery, Judges.


AFFIRMED.


Thomas Reginald Hightower, Jr.
Attorney at Law
Post Office Drawer 51288
Lafayette, Louisiana 70505
(337) 233-0555
COUNSEL FOR DEFENDANT/APPELLEE:
    Shelter Mutual Insurance Co.

**Patrick Wade Kee**
**Attorney at Law**
**Post Office Drawer 51288**
**Lafayette, Louisiana  70505**
**(337) 233-0555**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Shelter Mutual Insurance Co.**

**Willard Paul Schieffler**
**Attorney at Law**
**Post Office Box 2069**
**Lafayette, Louisiana  70502-2069**
**(337) 233-3185**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Amanda Carpenter**

**Lucas S. Colligan**
**Attorney at Law**
**Post Office Box 2069**
**Lafayette, Louisiana 70502-2069**
**(337) 000-0000**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Amanda Carpenter**

**CONERY, Judge.**

Plaintiff, Amanda Carpenter (Ms. Carpenter), appeals the trial court's granting of summary judgment in favor of Defendant, Shelter Mutual Insurance Company (Shelter Mutual), and thereby dismissing her Petition for Concursus with prejudice. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

On October 13, 2009, Ms. Carpenter sustained personal injuries as a result of her involvement in an automobile accident. At the time of the accident, Ms. Carpenter was insured by Shelter Mutual pursuant to the terms of an automobile liability insurance policy providing payment of $5,000.00 in medical benefits, with provisions allowing a right of subrogation by Shelter Mutual for medical payments made on behalf of Ms. Carpenter as a result of the October 13, 2009 accident.

On March 10, 2010, Ms. Carpenter filed suit against the driver of the other vehicle, and his insurer, State Farm Insurance Company (State Farm). The suit was ultimately settled on September 29, 2010, for $27,500.00. On November 4, 2010, Ms. Carpenter filed a Petition for Concursus and deposited $5,000.00 of the settlement funds in the registry of the court. In her petition, Ms. Carpenter sought a summary judgment reducing Shelter Mutual's subrogation lien by the amount of the costs and attorney fees she expended in recovering damages from the third-party tortfeasor pursuant to *Moody v. Arabie,* 498 So.2d 1081 (La.1986). Ms. Carpenter sought one-third of the disputed amount, i.e., $1,666.65 (*Moody* fees).

After a March 21, 2011 hearing, the trial court denied summary judgment to Ms. Carpenter without issuing reasons. The trial court then dismissed her claim for the reduction of Shelter Mutual's recovery by one-third. After the trial court executed judgment in favor of Shelter Mutual, Ms. Carpenter filed a motion for new trial, which was also denied by the trial court.

Ms. Carpenter appealed the trial court's denial of her summary judgment and motion for new trial in *Carpenter v. Shelter Mutual Insurance Co.*, an unpublished opinion bearing docket number 11-1010 (La.App. 3 Cir. 12/07/2011).[1]  A panel of this court affirmed the denial of Ms. Carpenter's summary judgment and motion for new trial, finding that she failed to present "evidence to establish that she provided Shelter Mutual with timely notice such as to allow Shelter Mutual to intervene in Ms. Carpenter's action or to file its own action to protect its subrogation rights." *Id.* at p. 6.

This court in *Carpenter I,* however, reversed the trial court's dismissal of Ms. Carpenter's Petition for Concursus and Order requiring the funds held in the registry of the court be transferred to Shelter Mutual on the basis that Shelter Mutual had failed to file a cross-motion for summary judgment.  The case was then remanded to the trial court, for further proceedings consistent with the opinion. *Id.*

In discussing its denial of Ms. Carpenter's motion for new trial, this court noted that Ms. Carpenter relied on the ruling in *Moody,* 498 So.2d 1081 and, more importantly, a pre-suit November 12, 2009 letter from her attorney informing Shelter Mutual of his representation of Ms. Carpenter in connection with the October 13, 2009 accident.  The November 12, 2009 letter was discussed in a supplemental memorandum submitted by Ms. Carpenter in support of her motion for summary judgment, and although the letter was listed as an exhibit, it was not attached to the memorandum.  Therefore, the November 12, 2009 letter was not considered part of the record in *Carpenter I. Carpenter I*, at p.3 n.1.

Immediately after the case was remanded to the trial court, Shelter Mutual filed a motion for summary judgment, claiming that after making payments under the medical provision portions of its policy, Shelter Mutual perfected its right of subrogation and reimbursement from State Farm, independent of any actions by Ms. Carpenter and her counsel.

---

[1] Hereinafter this unpublished case will be referred to as *Carpenter I.*

In support of its motion for summary judgment, Shelter Mutual submitted a March 26, 2010 correspondence to State Farm seeking confirmation and acknowledgment of its right to subrogation for medical payments under the provisions of its policy issued to Ms. Carpenter. State Farm received the request and on April 7, 2010, a State Farm representative signed the March 26, 2012 correspondence, confirming and acknowledging Shelter Mutual's subrogation rights. Thus, as of April 7, 2010, Shelter Mutual claims it had confirmed its subrogation rights for medical payments made on behalf of Ms. Carpenter.

On April 29, 2010, Shelter Mutual forwarded additional correspondence to State Farm confirming it had paid $5,000.00 to Ms. Carpenter. Further, in continuing to pursue its subrogation rights, on May 28, 2010, Shelter forwarded additional correspondence to State Farm requesting the status of the matter and confirming its intent to assert its subrogation rights.

In September of 2010, Plaintiff sought to have Shelter Mutual waive its right to medical payments subrogation, but did not mention the filing of Ms. Carpenter's lawsuit on March 10, 2010. Shelter Mutual responded in correspondence dated September 20, 2010, confirming that it had no intention of waving its medical payment subrogation rights.

Counsel for Ms. Carpenter continued to request that Shelter Mutual accept less than the $5,000.00 amount owed in subrogation. Shelter Mutual responded in correspondence dated September 23, 2010, that it would not accept a two-thirds reimbursement of its medical payments demand. Finally, on October 7, 2010, Shelter Mutual sent correspondence to Ms. Carpenter confirming once again it would not waive its subrogation lien and informing plaintiff's counsel that Shelter Mutual "did not request you to intervene on our behalf in this matter." No notice was provided to Shelter Mutual of the filing of the lawsuit on March 10, 2010, and all of the

3

discussions and correspondence between counsel took place before the expiration of the one year prescriptive period.[2]

Ms. Carpenter opposed the summary judgment and urged that the November 12, 2009 pre-suit correspondence from Ms. Carpenter's counsel to Shelter Mutual qualified as the necessary legal notice of the insured's claim. Thus, Ms. Carpenter argued, as Shelter Mutual failed to intervene or file its own action, it should be assessed with a share of the recovery costs that she incurred, in this case attorney fees in the amount of $1,666.65.

Plaintiff's November 12, 2009 correspondence informed Shelter Mutual of counsel's representation of Ms. Carpenter in connection with the October 13, 2009 accident and requested information relating to the insurance coverage of Ms. Carpenter on the 2006 Scion involved in the accident. Counsel also requested copies of any written and/or disclosure of any alleged telephone statements made by Ms. Carpenter to Shelter Mutual.

Following a hearing on March 19, 2012, the trial court continued the Motion for Summary Judgment and allowed Shelter Mutual until March 23, 2012, to supplement the record, and Ms. Carpenter until March 30, 2012, to reply. The matter was then reset on April 2, 2012.

On March 26, 2012, Shelter Mutual filed the Affidavit of Vickie Davis, an attorney employed by Shelter Mutual for the past seventeen years. In her affidavit, Ms. Davis attested that she was familiar with the lawsuit between Amanda Carpenter and State Farm; that after a diligent search she was unable to locate any documentation or information to substantiate any notice to Shelter Mutual of the filing of the lawsuit; and that on her own knowledge and belief, Shelter Mutual did not receive notice of the filing of the lawsuit between Amanda Carpenter and State Farm.

---

[2] Delictual actions are subject to a prescriptive period of one year from the date that injury is sustained pursuant to La.Civ.Code art. 3492

No reply was filed in the record by Ms. Carpenter prior to the re-scheduled April 2, 2012 hearing date.

The matter was again taken up by the trial court on April 2, 2012. Counsel for Shelter Mutual was present; however, no counsel representing Ms. Carpenter attended the hearing. The transcript reflects the following exchange between the court and counsel for Shelter Mutual:

> MR. KEE:     Yes, Your Honor. Wade Kee, on behalf of Shelter.
>
> My recollection, Your Honor, was back when we had the hearing in this matter March 19th of 2012, Your Honor was going to grant our Motion for Summary Judgment, but allowed the plaintiff time to file a supplemental affidavit should he wish to -- had he had any evidence to --
>
> THE COURT:     Okay.   Has anything been filed?
>
> MR. KEE:     Nothing's been filed, Your Honor. In fact, we even filed a motion laying that -- an affidavit laying that to rest, which we would like now to offer, file and introduce into evidence.
>
> THE COURT:  Okay.

The trial court then rendered judgment in favor of Shelter Mutual, granting the motion for summary judgment and dismissing Ms. Carpenter's Petition for Concursus with prejudice. Ms. Carpenter now appeals, asserting that the trial court erred in granting Shelter Mutual's motion for summary judgment and allowing Shelter Mutual to recover the full amount of its medical lien. Ms. Carpenter contends on appeal that Shelter Mutual had notice of her claim against State Farm as a result of the November 12, 2009 correspondence, and such notice was sufficient notice under *Moody* to trigger Shelter Mutual's obligation to intervene or contribute to Ms. Carpenter's attorney's fees.

5

## DISCUSSION

### *Summary Judgment Issue*

Summary judgments are reviewed de novo, applying the same standard to the matter as that applied by the trial court. *Smith v. Our Lady of the Lake Hosp., Inc*., 93-2512 (La. 7/5/94), 639 So.2d 730. Summary judgment is favored by the law and provides a vehicle by which the just, speedy, and inexpensive determination of an action may be achieved. La.Code Civ.P. art. 966(A)(2). The trial court is required to render summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

A fact is material when its existence or nonexistence may be essential to a plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *Smith,* 639 So.2d at 751 (citations omitted) (alteration in original). In other words, a material fact is one that would matter on the trial on the merits. "Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits." *Id.*

In determining whether a fact is material, we must consider the substantive law governing the litigation. *Davenport v. Albertson's, Inc.,* 00-685 (La.App. 3 Cir. 12/6/00), 774 So.2d 340, *writ denied*, 01-73 (La. 3/23/01), 788 So.2d 427.

### *Notice of An Action*

In *Carpenter I*, this court discussed the extension of *Moody,* 498 So.2d 1081, to cases outside the realm of workers' compensation and cited *Barreca v. Cobb,* 95-1651, p. 4 (La. 2/28/96), 668 So.2d 1129, 1131-32, in which the court held as follows

with regard to the relationship between the insured and the insurer under the principles of subrogation:

> [W]e hold that under the principles of subrogation, the insurer and the insured are co-owners of the right to recover medical expenses paid by the insurer. As co-owners, both the insured and the insurer are responsible for the corresponding litigation expenses. However, we hold that, in subrogation cases, an important prerequisite to the assessment of attorney fees is timely notice to the insurer. Timely notice is necessary to allow the insurer to exercise its right to join the action, or bring its own action, and to be represented by legal counsel of its own choosing if it so elects. Assessment of attorney fees is justified only when the insurer *chooses* to rely on the efforts of plaintiff's counsel.

In this case, both parties submitted the same evidence originally presented to the trial court in *Carpenter I*, with the addition of Shelter Mutual's Affidavit of Vickie Davis and Ms. Carpenter's pre-suit November 12, 2009 correspondence from her counsel to Shelter Mutual.

A clear reading of the holding in *Barreca,* 668 So.2d 1129, requires notice of an "action" which would allow the insurer the choice of intervention in Ms. Carpenter's action or the opportunity to file its own action in order to recover medical payments made to its insured. The pre-suit correspondence of November 12, 2009, could not and did not give Shelter Mutual the timely notice of an "action" required by *Barreca,* as Ms. Carpenter's "action" against State Farm was not filed until March 10, 2010.

The unrefuted affidavit of Vickie Davis, an attorney employed by Shelter Mutual, attached to Shelter Mutual's motion for summary judgment, confirms that Shelter Mutual never received notice of plaintiff's March 10, 2010 action against State Farm. Shelter Mutual also contends that it was unaware of any action by Ms. Carpenter against State Farm, until receipt of the November 4, 2010 Petition of Concursus, filed after the September 29, 2010 settlement with State Farm.

It is also unrefuted that Shelter Mutual had taken steps on its own behalf to assert its subrogation rights against State Farm. Shelter Mutual's actions are evidenced by the series of correspondence between Shelter Mutual and State Farm,

commencing on March 26, 2010, and concluding with Shelter Mutual's confirmation, on May 28, 2010, that it intended to assert its subrogation rights for the full amount of $5,000.00 in medical payments made on behalf of Ms. Carpenter.

Based on our de novo review of the record, we conclude Shelter Mutual did not receive the required notice of the action, filed on behalf of Ms. Carpenter, on March 10, 2010, which would have required Shelter Mutual to intervene in plaintiff's action or file its own action. Thus, based on the holding of the Louisiana Supreme Court in *Barreca,* 668 So.2d 1129, Shelter Mutual cannot be assessed with a share of the recovery costs incurred by the insured, in this case, plaintiff's attorney fees in the amount of $1,666.65. Shelter Mutual is due the full amount of its $5,000.00 medical payments lien.

## CONCLUSION

For the forgoing reasons, we affirm the trial court's judgment granting Shelter Mutual Insurance Company's motion for summary judgment and dismissing Amanda Carpenter's Petition for Concursus, as well as the trial court's Order requiring the funds held in the registry of the court be transferred to Shelter Mutual Insurance Company. All costs of this appeal are assessed to Appellant Amanda Carpenter.

**AFFIRMED.**