| | | |
|---|---|---|
| **HOSPITALITY MANAGEMENT SERVICES, LLC** | * | **NO. 2024-CA-0137** |
| | * | |
| | | **COURT OF APPEAL** |
| **VERSUS** | * | |
| | | **FOURTH CIRCUIT** |
| **AXIS SURPLUS INSURANCE COMPANY, FIREQUEST FIRE ALARM SERVICE ASSOCIATES, LLC, AND BRASSCO, INC.** | * | |
| | | **STATE OF LOUISIANA** |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-10401, DIVISION "I-14"
Honorable Lori Jupiter, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Tiffany Gautier Chase, Judge Rachael D. Johnson)

Daniel M. Redmann
DUPLASS APLC
433 Metairie Road, Suite 600
Metairie, Louisiana
70005

      COUNSEL FOR PLAINTIFF/APPELLEE

Kyle Paul Kirsch
E. Madison Barton
Samantha S. Boudreaux
WANEK KIRSCH DAVIES LLC
1340 Poydras Street, Suite 1801
New Orleans, Louisiana
70112

      COUNSEL FOR DEFENDANT/APPELLANT

**JUDGMENT REVERSED;
REMANDED
SEPTEMBER 16, 2024**

Appellant/Defendant, Brassco, Inc. (hereinafter "Brassco"), seeks review of the trial court's January 10, 2024 judgment granting an exception of prescription filed by Appellee/Defendant, Axis Surplus Insurance Company (hereinafter "Axis Insurance"). After consideration of the record before this Court and applicable law, we reverse the trial court's judgment and remand this matter for further proceedings.

## Facts and Procedural History

Plaintiff, Hospitality Management Services, LLC (hereinafter "Hospitality Management"), owns and operates a hotel located at 1801 32nd Street in Kenner, Louisiana. On August 14, 2020, a pipe within the hotel's sprinkler system ruptured resulting in water and property damage to the hotel.

On December 8, 2020, Hospitality Management filed a petition for damages (hereinafter "the original petition") naming Axis Insurance, Firequest Fire Alarm Service Associates, LLC (hereinafter "Firequest"), and Brassco as defendants. The original petition alleges that Firequest, and its sub-contractor Brassco, were hired for the purpose of inspecting, servicing, and maintaining the hotel's fire alarm system. In the original petition, Hospitality Management contends that Firequest and Brassco were negligent in adhering to the appropriate standard of care in

1

inspecting and maintaining the sprinkler system which resulted in the ruptured pipe and the subsequent damage to the hotel. Hospitality Management likewise maintains that Brassco negligently reported the sprinkler system was in proper working condition prior to the pipe rupturing. As to its claims against Axis Insurance, Hospitality Management alleges bad faith claims that Axis Insurance failed to provide proper payment under its commercial and dwelling policy of insurance.

On June 1, 2023, Axis Insurance filed cross claims (hereinafter "incidental demand") against Firequest and Brassco.[1] In the incidental demand, Axis Insurance contends, as the insurer of Hospitality Management, is subrogated to the rights and actions asserted in the original petition against Brassco and Firequest. Axis Insurance also asserts that Brassco was negligent in maintaining and inspecting the hotel's sprinkler system which resulted in the ruptured pipe. According to the incidental demand, Brassco conducted a service call at the hotel on November 11, 2019, where it discovered that couplings between the pipes of the sprinkler system were leaking in the hotel's attic. Axis Insurance claims that Brassco's failure, to perform hydrostatic testing in accordance with National Fire Protection Association guidelines, prevented its discovery of corroded pipes.

In response to the incidental demand, Brassco filed an exception of prescription on June 13, 2023. In its exception, Brassco maintains that Axis Insurance's incidental demand was not filed within ninety days of the original petition as required under La. C.C.P. art. 1041. Brassco also alleges that the timely filing of the original petition does not interrupt prescription as to the incidental

_____

[1] "Incidental demands are reconvention, cross-claims, intervention, and the demand against third parties." La. C.C.P. art. 1031.

2

demand because the two pleadings fail to share a single cause of action. Accordingly, Brassco sought a dismissal of Axis Insurance's incidental demand. Axis Insurance opposed the exception arguing the incidental demand is timely because it shares a single cause of action with its insured's original petition. It maintains that the timely filing of the original petition interrupted prescription as to Axis Insurance's negligence cross-claims.

After a hearing on the exception, the trial court granted the exception of prescription and dismissed Axis Insurance's incidental demand with prejudice. This devolutive appeal followed.

## Standard of Review

This Court's standard of review of a trial court's ruling on an exception of prescription is contingent upon whether evidence is introduced at the hearing on the exception. *Barkerding v. Whittaker*, 2018-0415, p. 13 (La.App. 4 Cir. 12/28/18), 263 So.3d 1170, 1180 (citations omitted). "When prescription is raised by peremptory exception, with evidence being introduced at the hearing on the exception, the trial court's findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review." *Id*., 2018-0415, pp. 13-14, 263 So.3d at 1180 (quoting *In re Med. Review Panel of Hurst*, 2016-0934, p. 4 (La.App. 4 Cir. 5/3/17), 220 So.3d 121, 125-26). If no evidence is introduced, the *de novo* standard applies. *Id*. 2018-0415, p. 14, 263 So.3d at 1180 (citation omitted). The transcript reveals that neither party introduced evidence at the hearing. Accordingly, a *de novo* standard of review applies.

## Discussion

Axis Insurance's sole assignment of error on appeal is that the trial court erred in granting the exception of prescription. In order to determine whether the

3

incidental demand is prescribed, we must consider whether the subrogation cross-claims within Axis Insurance's incidental demand share a single cause of action with the original petition.

Generally, the party asserting a peremptory exception of prescription bears the burden of proof. *Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 2017-0413, p. 9 (La.App. 4 Cir. 11/15/17), 231 So.3d 793, 800 (citations omitted). However, "[w]hen the plaintiff's claim is prescribed on it's the face…the burden shifts to the plaintiff to establish that his or her claim has not prescribed." *Id.* (citations omitted). "Statutes regulating prescription are strictly construed against prescription and in favor of the obligation sought to be extinguished." *Id.*, 2017-0413, p. 9, 231 So.3d at 801 (quoting *Mallett v. McNeal*, 2005-2289, 2005-2322 p. 5 (La. 10/17/06), 939 So.2d 1254, 1258). "Prescription runs against all persons unless [an] exception is established by legislation." La. C.C. art. 3467. "Louisiana law recognizes three exceptions to the general rule: '(1) La. C.C.P. art. 1153 allows an amending petition to relate back to the date of the original pleading; (2) La. C.C.P. art. 1041 allows an additional ninety days for an incidental demand; and (3) in circumstances where the parties share a single cause of action.'" *Lindsay v. Ports Am. Gulfport, Inc.*, 2019-0360, p. 5 (La.App. 4 Cir. 12/4/19), 286 So.3d 534, 538 (quoting *Corley Enterprises of Louisiana, Inc. v. Bear Creek Saloon, Inc.*, 2018-1147, p. 5 (La.App. 1 Cir. 2/28/19); 273 So.3d 1236, 1239) (citation omitted).[2]

_____

[2] La. C.C.P. art. 1153 provides:

> When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.

On appeal, Axis Insurance maintains that the original petition and the incidental demand share a single cause of action that arises out of the same factual occurrence, i.e. negligence- property damage caused by the ruptured pipe. Specifically, Axis Insurance argues that as a subrogee of its insured, Hospitality Management, it is subrogated to the rights and actions asserted in the original petition. The principle of subrogation allows an insurer to stand in the shoes of the insured. *Barreca v. Cobb*, 1995-1651, pp. 2-3 (La. 2/28/96), 668 So.2d 1129, 1131 (citation omitted). The insurer then "acquires the right to assert the actions and rights of the plaintiff… ." *Id*., 1995-1651, p. 2, 668 So.2d at 1131. "[W]hen several parties share a single cause of action (as through partial subrogation), suit by one interrupts prescription as to all." *Louviere v. Shell Oil Co.*, 440 So.2d 93, 96 (La. 1983). Axis Insurance contends the filing of the original petition interrupted prescription as to the subrogation cross-claims within its incidental demand. Conversely, Brassco avers prescription was not interrupted because the two pleadings do not share a single cause of action. Brassco also argues that the incidental demand is untimely under La. C.C.P. art. 1041. We find Brassco's arguments unpersuasive.

In the context of a peremptory exception, a "cause of action" is defined as the "operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant." *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1238 (La. 1993); *See also Louviere*, 440 So.2d at 95. Stated differently, to constitute the same cause of action, the claims of both Hospitality

---

La. C.C.P. art. 1041 provides:

> An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.

Management and Axis Insurance must be based in the same cause of action that consist of the same material facts which form the basis of the right to recover damages. *See Louviere*, 440 So.2d at 95 (citation omitted). In the matter *sub judice*, Hospitality Management timely filed a petition to recover property damages resulting from a ruptured pipe. In its original petition, Hospitality Management contends that Brassco failed to act with reasonable care under the circumstances and neglected to adhere to the appropriate standard of care in its inspection and maintenance of the sprinkler system. The incidental demand also maintains that Brassco's continuous negligent inspection and maintenance of the hotel's sprinkler system led to the pipe rupturing.

A review of the original petition and incidental demand indicates the two pleadings share a single cause of action. The pleadings state that Brassco's negligent inspection and maintenance of the hotel's sprinkler system is a direct result of the ruptured pipe and subsequent property damage to the hotel. Axis Insurance and Hospitality Management collectively allege specific occurrences in which Brassco negligently reported that the sprinkler system was in proper working condition prior to the pipe rupturing. In both pleadings, they also contend that if Brassco would have properly inspected the sprinkler system, the corrosion that lead to the ruptured pipe would have been discovered. Thus, the allegations within the incidental demand arise from the same factual occurrence plead in the original petition — the pipe bursting as a result of Brassco's alleged negligence. Although Brassco contends the two pleadings requested different forms of damages – damages covered under Axis Insurance's policy and those not covered under the policy – this does not negate the fact that both pleadings maintain the same negligence claims against Brassco. We therefore find the facts alleged in the

6

original petition give Axis Insurance a right to assert subrogation cross-claims against Brassco. *See Louviere*, 440 So.2d at 96 (finding parties share a single cause of action through partial subrogation). Considering the pleadings share a single cause of action, the timely filing of the original petition interrupted prescription as to the cross-claims within Axis Insurance's incidental demand. *See id.*, 440 So.2d at 96-98; *Lindsay*, 2019-0360, p. 5, 286 So.3d at 538 (noting prescription is interrupted when the parties share a single cause of action). Accordingly, the trial court erred in granting Brassco's exception of prescription and dismissing the cross-claims within Axis Insurance's incidental demand.

## **<u>Decree</u>**

Based on the foregoing, the trial court's January 10, 2024 judgment granting Brassco's exception of prescription is reversed. This matter is remanded to the trial court for further proceedings.

**JUDGMENT REVERSED;
REMANDED**