| LOUISIANA CITIZENS | * | NO. 2024-CA-0701 |
|---|---|---|
| PROPERTY INSURANCE | | |
| CORPORATION | * | |
| | | COURT OF APPEAL |
| VERSUS | * | |
| | | FOURTH CIRCUIT |
| MERLIN LOMBARD II | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-08555, DIVISION "J"
Honorable D. Nicole Sheppard
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

Daniel M. Redmann
DUPLASS, APLC
433 Metairie Rd
Suite 600
Metairie, LA 70001

      COUNSEL FOR PLAINTIFF/APPELLEE


Dan Arthur Smetherman
820 Ursulines Avenue
New Orleans, LA 70116-2422

      COUNSEL FOR DEFENDANT/APPELLANT

**REVERSED AND REMANDED**
**APRIL 15, 2025**

This is a subrogation suit. Defendant/Appellant, Merlin Lombard II (hereinafter "Mr. Lombard") seeks review of the trial court's July 12, 2024 judgment granting the motion for summary judgment filed by Plaintiff/Appellee, Louisiana Citizens Property Insurance Corporation (hereinafter "Louisiana Citizens"). After consideration of the record before this Court and the applicable law, we reverse the judgment of the trial court and remand the matter for further proceedings.

## **Facts and Procedural History**

This is a suit by Louisiana Citizens against Mr. Lombard, the alleged tortfeasor. Louisiana Citizens seeks to recover proceeds paid to its insured, Merlin Lombard,[1] for a fire that occurred at his rental property on October 18, 2021. According to Mr. Lombard, he and his father were at the property to assess damage caused by a recent wind-storm. Mr. Lombard's deposition testimony describes the events leading up to the fire as follows:

> My father and I were there that day. He put a pot of water on the stove and turned it on and told me to watch it. We were going to boil some shrimp. He told me to watch the fire because he had to go somewhere, at which point I sat down on the bed to watch TV and I fell asleep. I

---

[1] Merlin Lombard, Louisiana Citizens' insured, is the father of the Defendant/Appellant, Merlin Lombard II. For ease of discussion, we will refer to Merlin Lombard II as Mr. Lombard.

1

> woke up to the smell of smoke. I went outside and grabbed the hose from the backyard and sprayed it, and put it out in about ten seconds. And that was it.

The fire damaged the property, resulting in damage to the ceiling, walls, floor and the exterior. Louisiana Citizens adjusted the property and the estimated damage was valued at $11,279.09.

On September 13, 2022, Louisiana Citizens filed a petition for damages seeking recovery for proceeds paid to its insured, Merlin Lombard, as a result of the fire. According to the petition, the fire was a result of Mr. Lombard's negligence and failure to exercise reasonable care. Louisiana Citizens asserted these claims as Merlin Lombard's insurer and maintained that it is permitted to subrogate to the claims of its insured and recover payments made under its policy's subrogation clause.[2]

Mr. Lombard timely answered the petition with a general denial. On November 1, 2023, Louisiana Citizens filed a motion for summary judgment maintaining that no genuine issues of material fact remain as to Mr. Lombard's negligence. It further asserted the right to recover damages in the amount of $12,279.09[3] pursuant to La. C.C. art. 2315 and its policy's subrogation clause.[4]

Mr. Lombard opposed the motion arguing that Louisiana Citizens' motion for summary judgment was premature. He asserted that he had not yet received a copy of his deposition nor had Louisiana Citizens replied to his discovery requests.

---

[2] Louisiana Citizens averred that it paid Merlin Lombard $11,279.09, in accordance with its policy, for damages resulting from the fire.

[3] Louisiana Citizens sought a total of $12,279.09, which represents the $11,279.09 in damages paid to its insured which included Merlin Lombard's $1,000.00 deductible.

[4] La. C.C. art. 2315 provides in pertinent part that "[e]very act whatever of a man that causes damage to another obliges him by whose fault it happened to repair it."

On that same day, Mr. Lombard filed a motion to compel discovery.[5] Although the hearing on the motion for summary judgment was originally set for February 2, 2024, it was not heard until June 20, 2024.[6] A judgment granting the motion for summary judgment was reduced to writing on July 12, 2024. This appeal followed.

## Assignments of Error

Mr. Lombard asserts various assignments of error on appeal that collectively challenge the trial court's judgment granting Louisiana Citizens' motion for summary judgment.[7] However, we find the dispositive issue in this case is whether Louisiana Citizens carried its initial burden to establish a *prima facie* case that no genuine issues of material fact exist.

## Standard of Review

This Court reviews a trial court's decision to grant or deny a motion for summary judgment *de novo*. *Reddick v. State*, 2021-0197, p. 5 (La.App. 4 Cir. 9/29/21), 328 So.3d 504, 507. We have stated the applicable standard of review as follows:

> Appellate courts review the grant or denial of a motion for summary
> judgment *de novo*, using the same criteria applied by trial courts to

---

[5] It is not clear from the record if the motion to compel was heard.

[6] Mr. Lombard filed a second opposition seven (7) days prior to the hearing on Louisiana Citizens' motion for summary judgment. The opposition was not considered by the trial court as it was untimely pursuant to La. C.C.P. art. 966(B)(2). *See Auricchio v. Harriston*, 2020-01167, p. 4 (La. 10/10/21), 332 So.3d 660, 663 (finding that the clear and unambiguous language of La. C.C.P. art. 966(B)(2) requires that an opposition shall be filed within the fifteen-day deadline).

[7] In his brief before this Court, Mr. Lombard maintains that he did not have a duty to watch the pot and that Louisiana Citizens has not proven its right to subrogation. These arguments were not raised before the trial court as they were first asserted in Mr. Lombard's opposition which was untimely filed pursuant to La. C.C.P. art. 966(B)(2). As such, we will not consider the arguments raised in Mr. Lombard's brief because they are not properly before this Court. *See Hawthorne v. Tulane Med. Ctr.*, 2022-0362, p. 9 (La.App. 4 Cir. 12/12/22), 367 So.3d 689, 696 (citation omitted) (finding that "appellate courts will not consider issues raised for the first time on appeal that were not pleaded in the trial court or were not addressed by the trial court.") (citation omitted).

determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.

*Id.*, 2021-0197, p. 5, 328 So.3d at 507-08 (quoting *Chatelain v. Fluor Daniel Const. Co.,* 2014-1312, p. 3 (La.App. 4 Cir. 11/10/15), 179 So.3d 791, 793).

## **Summary Judgment**

It is well settled that "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action . . . . The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). A motion for summary judgment may be granted if the pleadings, depositions, answers to discovery, admissions on file and affidavits demonstrate that there is no genuine issue of material fact and the mover is entitled to a judgment as a matter of law. *Reddick*, 2021-0197, p. 6, 328 So.3d at 508 (citation omitted).

"On a motion for summary judgment the mover bears the burden of proof but is not required to negate all the elements of the adverse party's claim if the mover will not bear the burden of proof at trial." *Guilbeaux v. Lupo Enterprises, L.L.C.*, 2021-0053, p. 6 (La.App. 4 Cir. 5/19/21), 321 So.3d 447, 452 (citing La. C.C.P. 966(D)(1)). Nonetheless, if the moving party fails to meet his burden to

show the absence of factual support for one or more elements of the non-moving party's claim, the burden never shifts and the moving party is not entitled to summary judgment. S*ingleton v. Dillard Univ.*, 2023-0295, pp. 6-7 (La.App. 4 Cir. 10/27/23), 376 So.3d 997, 1001 (citation omitted). The burden does not shift "until the moving party first presents a *prima facie* case that no genuine issues of material fact exist." *Id*., 2023-0295, p. 7, 376 So.3d at 1001 (citation omitted). "The moving party 'does not carry his initial burden when he simply 'points out' by motion or brief that the [non-moving party] lacks factual support for any claim against him.'" *Id*., 2023-0295, p. 7, 376 So.3d at 1001 (quoting *Roadrunner Transp. Sys. v. Brown*, 2017-0040, p. 7 (La.App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270, n. 4). With these principles in mind, we now address Louisiana Citizens' motion for summary judgment.

Louisiana Citizens' argument in support of its motion for summary judgment is two-fold. It first contends that Mr. Lombard owed a duty of care to its insured, Merlin Lombard. Louisiana Citizens next asserts that because Mr. Lombard breached his duty to watch the pot by falling asleep, thus causing the fire, it is permitted to step into the shoes of its insured and recover the proceeds paid pursuant to its policy's subrogation clause.

As a threshold legal requirement, Louisiana Citizens bears the burden of proof at trial regarding its general negligence and subrogation claims. *See* La. C.C.P. art. 966(D)(1). Louisiana Citizens must establish the five essential elements of Louisiana's duty-risk analysis[8] and that it is legally and/or conventionally

---

[8] "The Louisiana Supreme Court has adopted a 'duty-risk' analysis for assigning tort liability under a [La. C.C. art. 2315] negligence theory. This theory requires a plaintiff to establish that (1) the plaintiff suffered an injury; (2) the defendant owed a duty of care to the plaintiff; (3) the duty was breached by the defendant; (4) the conduct in question was the cause-in-fact of the

5

subrogated to the rights and actions of its insured, Merlin Lombard.[9]  Louisiana Citizens attached the following exhibits to its motion for summary judgment: (1) one page of Mr. Lombard's deposition; (2) an itemized estimate of damages to Merlin Lombard's property; (3) a final inspection report; (4) a statement of loss; and (5) request for admissions sent to Mr. Lombard in May 2023. We find Louisiana Citizens' motion for summary judgment and exhibits fail to establish a *prima facie* case. Specifically, Louisiana Citizens failed to establish that Mr. Lombard owed a duty of care to its insured nor did it establish its right to subrogation.

To support its claim that Mr. Lombard had a duty, Louisiana Citizens submitted one page of his deposition. Mr. Lombard testified that his father "put a pot of water on the stove and turned it on and told me to watch it." According to the adjuster's final inspection report, a plastic bottle of vegetable oil was near the pot of water when it was placed on the stove. Mr. Lombard's deposition states that Merlin Lombard left the home after placing the pot on the stove and Mr. Lombard was awakened by the smell of smoke and extinguished the fire. Although Mr. Lombard admits to falling asleep, whether he was the sole cause of the fire is a

---

resulting harm; and (5) the risk of harm was within the scope of protection afforded by the duty breached." *Doe v. McKesson*, 2021-00929, p. 7 (La. 3/25/22), 339 So.3d 524, 531 (citations omitted).

[9] Subrogation is defined as the "substitution of one person to the rights of another." La. C.C. art. 1825. There are two types of subrogation, legal and conventional. *Id*. Legal subrogation takes place by operation of law. *See* La. C.C. art. 1829. "Conventional subrogation occurs when an obligee, who receives a performance from a third person, subrogates that person to his rights, even without the obligors consent." *A. Copeland Enterprises, Inc. v. Slidell Mem'l Hosp.*, 1994-2011, p. 8 (La. 6/30/95), 657 So.2d 1292, 1298 (citing La. C.C. art. 1827). "The principle of subrogation allows an insurer to stand in the shoes of the insured." *Hosp. Mgmt. Servs., LLC v. Axis Surplus Ins. Co.*, 2024-0137, p. 5 (La.App. 4 Cir. 9/16/24), 400 So.3d 236, 240, *writ denied*, 2024-01274 (La. 1/14/25), 398 So.3d 651 (quoting *Barecca v. Cobb*, 1995-1651, pp. 2-3 (La. 2/28/96), 668 So.2d 1129, 1131). An insurer may then acquire "the right to assert the actions and rights of a plaintiff." *Id*.

6

genuine issue of material fact. Based on the evidence submitted we are unable to conclude whether Mr. Lombard owed a legal duty of care to Louisiana Citizens' insured or whether he was the sole cause of the fire. The one page deposition submitted with Louisiana Citizens' motion for summary judgment presents genuine issues of material fact regarding the fundamental element of negligence – duty.

Louisiana Citizens further contends that it is subrogated to the rights and actions of its insured, Merlin Lombard. However, Louisiana Citizens' policy of insurance with Merlin Lombard is not attached to the motion for summary judgment nor is it contained within the record before this Court. The only evidence that Louisiana Citizens is the insurer of Merlin Lombard is a one page document that lists him as the "Insured." A policy of insurance is a contract between the parties which must be enforced as written. *Martinez v. Am. Transp. Grp. Risk Retention Grp., Inc.*, 2023-01716, p. 3 (La. 10/25/24), 395 So.3d 731, 733 (citation omitted). A court must examine the language of the policy and the rights which it grants to the insurer. *See Barreca*, 1995-1651, p. 3, 668 So.2d at 1131 (citations omitted). Without the policy, we are unable to determine whether Louisiana Citizens has a legal and/or conventional right of subrogation. While Louisiana Citizens also contends that it paid Merlin Lombard $11, 279.09 in damages, there is no proof of payment to support its allegation.

Considering the lack of evidence presented by Louisiana Citizens, we are unable to conclude: (1) whether Mr. Lombard owed a duty of care to its insured; (2) whether Mr. Lombard was the sole cause of the fire; and (3) whether Louisiana Citizens has a right to subrogation. Louisiana Citizens, as the moving party, failed to meet its burden to establish a *prima facie* case. *See Singleton,* 2023-0295, p. 9,

376 So.3d at 1002-03 (finding that the moving party's failure to satisfy its burden and establish a *prima facie* case precludes a trial court from granting summary judgment). We are cognizant of the fact that Mr. Lombard missed the deadline to oppose Louisiana Citizens' motion for summary judgment; however, his failure to oppose the motion is not fatal under the facts of this case. We find that the burden never shifted to Mr. Lombard as Louisiana Citizens failed to make a *prima facie* case. *See Id*. Moreover, "[t]he failure to file an opposition does not automatically require that the motion for summary judgment be granted, as the initial burden of proof is on the mover." *Bankers Ins. Co. v. EMIII Holdings, LLC*, 2024-0386, p. 23 (La.App 4 Cir. 12/16/24), ___ So.3d ___, ___, 2024 WL 5116650 *11 (quoting *Auricchio*, 2020-01167, p. 5, 332 So.3d at 663, n. 2). Accordingly, the trial court erred in granting Louisiana Citizens' motion for summary judgment.

## Decree

For the foregoing reasons, we reverse the July 12, 2024 judgment of the trial court and remand the matter for further proceedings.

**REVERSED AND REMANDED**